IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41019
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VEGA III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

March 17, 2003

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellant Jose Vega III pleaded guilty to one count of a two-count indictment charging him with possession with intent to distribute over 1,000 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He now appeals his sentence, arguing that the district court's oral and written judgments conflict because the written judgment includes several special conditions of supervised release that were not mentioned at the sentencing hearing. For the following reasons, we modify the

sentence and affirm as modified.[1]

## I. FACTS AND PROCEEDINGS

Vega alleges that during the sentencing hearing, the district court never mentioned several special conditions of supervision that subsequently appeared in the written judgment, including (1) his responsibility for the costs of drug and alcohol treatment; (2) a provision requiring inpatient drug treatment, if necessary; (3) specific drug testing methods; and (4) the requirement that he comply with the rules and regulations of the drug treatment agency. Vega argues that because these special conditions are more restrictive than those originally imposed at sentencing, the oral and written judgments conflict and the additional requirements included only in the written judgment must be excised.

## II. ANALYSIS

We have previously rejected many of Vega's arguments. First, we have expressly held that imposition of the costs of drug treatment, <u>even if mentioned for the first time in the written judgment</u>, does not create a conflict between the written and oral

---

[1] We review objections to special conditions imposed in a written judgment for abuse of discretion. <u>United States v. Warden</u>, 291 F.3d 363, 365 n.1 (5th Cir.2002)(explaining that normally objections raised for the first time on appeal are reviewed for plain error, but "because [the defendant] had no opportunity to object to or comment on the special conditions as imposed in the written order, we will review the district court's imposition of special conditions for an abuse of discretion").

judgments, but "creates, if anything, an ambiguity."[2] This ambiguity is resolved by examining the record for evidence of the sentencing court's intent. As the requirement that a defendant bear the costs of his drug treatment is "clearly consistent" with the court's intent that he <u>attend</u> treatment, the two judgments do not conflict and no modification of the sentence is warranted.

Several of Vega's remaining arguments are similarly meritless. First, the district court specifically mentioned inpatient treatment at sentencing, so its inclusion in the written judgment is entirely consistent with the oral sentence. Second, the requirement that Vega "comply with all the rules and regulations of the treatment agency" is, for obvious reasons, consistent with the drug treatment condition ordered at sentencing.[3]

Vega's only meritorious issue on appeal is whether the district court's inclusion of the special condition of "further drug-detection techniques in addition to those performed by the treatment agency" in the written judgment conflicts with the oral sentence — which required only that Vega "participate in a program

---

[2] <u>Warden</u>, 291 F.3d at 365.

[3] Vega also argues that the district court improperly delegated authority to the probation officer to determine the length of his drug treatment. Even if the district court did delegate authority, Vega did not object to this condition at sentencing, so our review is for plain error only. We conclude that any error by the district court in this regard was not plain or obvious, as we have not previously addressed this issue. <u>See</u> <u>United States v. Calverley</u>, 37 F.3d 160, 162-63 (5th Cir. 1994)(en banc), <u>abrogated in part</u>, <u>Johnson v. United States</u>, 520 U.S. 461 (1997).

for drug and alcohol abuse addiction as required by the probation office, including inpatient if required."

This narrow question has not been squarely addressed in a published opinion by this or any other circuit. Like other circuits, however, we have long held that a defendant has a constitutional right to be present at sentencing.[4] This constitutional right is the foundation of the rule that if there is a conflict between the oral pronouncement and written judgment, the oral pronouncement controls.[5] Under this reasoning, we have held, for example, that if the district court fails to mention a special condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement.[6]

We likewise conclude that the condition that Vega undergo additional drug testing is unrelated to the drug treatment originally ordered at sentencing and creates a conflict between the written and oral judgments. Accordingly, we amend the written judgment to conform with the oral pronouncement in this case. In doing so, we note that requiring sentencing courts to include all

---

[4] United States v. Martinez, 250 F.3d 941, 941 (5th Cir. 2001) (citing Fed. R. Crim. P. 43(a)("The defendant shall be present at . . . the imposition of sentence . . . .").

[5] Id.

[6] Id. at 942 ("Because the district court failed to mention mandatory drug treatment, a special condition, at sentencing, we remand the case for the district court to amend its written judgment to its oral sentence.").

4

special conditions of probation in the oral sentence serves several salutary purposes. First, as noted, a defendant has a constitutional right to be present at sentencing. For this reason, probation officers and district courts should strive to include <u>all</u> special conditions of probation in the oral sentence. Second, as a practical matter, if we were to allow additional special conditions to be imposed in the written judgment, this practice could lead to unnecessary post-sentence motions and appeals. Conceivably, some special conditions may — for logistical or other reasons — be impractical or ill-suited to a particular defendant. If the court is required to announce these conditions at sentencing — when the defendant, his counsel, the probation officer, and the sentencing judge are all present — the conditions could be appropriately tailored or modified to meet the needs of the defendant.

Finally, requiring the sentencing court to include all special conditions in the oral pronouncement does not impose an onerous burden on probation officers, who are not precluded from <u>conducting</u> further drug testing. The probation officer merely needs to include the one-sentence condition in the sentencing recommendation that is prepared for and provided to the district court <u>before</u> it orally pronounces sentence.[7]

---

[7] The spate of recent appeals on this issue indicates that additional drug testing is commonly imposed in conjunction with a drug treatment program. Such rehabilitative efforts are laudatory. We simply recommend that probation and pretrial

## III. CONCLUSION

For these reasons, we modify the sentence by excising the portion of the written sentence that states "[t]he defendant shall submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer." Vega's sentence is MODIFIED, and, as modified, is AFFIRMED.

---

services officers coordinate the details of a "model" proposed drug treatment <u>and</u> testing condition to be used, if appropriate, in cases when the probation officer is recommending drug treatment.