# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10242
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RONDRICK LAMAR GRAY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-23-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After Rondrick Lamar Gray was convicted of possession of five grams or more of cocaine base with intent to distribute, his conviction and sentence were affirmed. *United States v. Gray*, 669 F.3d 556, 562 n.1, 567 (5th Cir. 2012). The Supreme Court vacated and remanded pursuant to *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012) (applying Fair Sentencing Act penalties to offenders sentenced after effective date of the Act); and, we remanded for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10242

resentencing under the Fair Sentencing Act. *Gray v. United States*, 133 S. Ct. 151 (2012); *United States v. Gray*, 501 F. App'x 329 (5th Cir. 2012). On remand, Gray was sentenced to 41-months' imprisonment with six years of supervised release, including a special condition requiring his participation in a drug-treatment program. Gray challenges the judgment of conviction and sentence imposed on remand.

Regarding his sentence, Gray contends the written judgment of conviction conflicts with the oral pronouncement of sentence. He asserts the written judgment broadens the special condition of supervised release pronounced at sentencing that requires his participation in a drug-treatment program because the written judgment further provides the drug-treatment program "will include" drug testing. Gray acknowledges drug testing is also a mandatory condition of his supervised release, but he contends the mandatory condition imposes a limited number of drug tests and is distinguishable from the special condition.

Generally, when a district court's written judgment contains a special condition of supervised release that was not contained in the court's oral pronouncement of sentence, the written judgment should be reformed by deleting the special condition that was not pronounced orally. *United States v. Vega*, 332 F.3d 849, 852-53 (5th Cir. 2003). If the differences between the oral and written judgments "create merely an ambiguity, however, then we must look to the intent of the sentencing court, as evidenced in the record to determine the defendant's sentence". *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (citation and internal quotation marks omitted).

Because Gray could not object to a special condition included only in the written judgment, we review for abuse of discretion. *Id.* (citation omitted). The record reflects that drug testing is both a mandatory and a special condition of

No. 13-10242

Gray's supervised release. The mandatory condition requires him to "submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer". The special condition requires him to "participate in a program . . . for treatment of narcotic, drug, or alcohol dependency, which will include testing for detection of substance use or abuse". We have previously explained that "drug testing is a likely component of any drug treatment program". *Vega*, 332 F.3d at 854. As a result, the inclusion of the drug-testing component in the drug-treatment special condition did not go beyond the conditions "properly and clearly applied at [Gray's] sentencing hearing". *Id.* Thus, the drug-testing component of the drug-treatment special condition does not broaden the restrictions or responsibilities of Gray's supervised release, and there is no conflict that warrants remand. *E.g.*, *United States v. McDaniel*, No. 13-10397, 2013 U.S. App. LEXIS 22739, at *3-4 (5th Cir. 8 Nov. 2013) (citing *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006); *Vega*, 332 F.3d at 852-54).

Regarding his conviction, this matter was remanded only for resentencing. Nevertheless, Gray raises the same challenges presented in his initial appeal, concerning the denial of his motion to suppress and the admission into evidence of photographs of his holding a revolver. These two challenges were resolved against him. *See Gray*, 669 F.3d at 567, *vacated on other grounds*, 133 S. Ct. 151 (2012). Gray acknowledges these challenges are barred by the law-of-the-case doctrine. *See United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008). He raises them only to preserve them for possible, further review.

AFFIRMED.