# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10657
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YOLANDA JUAREZ-LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CR-25-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Yolanda Juarez-Luna challenges the sentence imposed following the revocation of her probation. She argues that a special condition of supervised release included in her written judgment conflicts with the district court's oral pronouncement of sentence. Specifically, at the revocation hearing, the district court ordered various conditions of supervised release, including Juarez-Luna's participation in a "program approved by the United States Probation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Office for the treatment of narcotic, drug, or alcohol dependency." In the written judgment, however, the court included an additional drug testing requirement associated with this condition. Juarez-Luna contends that the conflict between the written judgment and oral pronouncement warrants remand.

Because Juarez-Luna had no opportunity to object to the written judgment in the district court, we review the court's sentencing decision for abuse of discretion. *United States v. Vega*, 332 F.3d 849, 851 n.1 (5th Cir. 2003). "[A] defendant has a constitutional right to be present at sentencing." *Id*. at 852. Accordingly, if the written judgment conflicts with the oral pronouncement of sentence, the oral pronouncement controls. *Id*. If, however, the difference between the written judgment and oral pronouncement creates merely an ambiguity, we "look to the intent of the sentencing court, as evidenced in the record to determine the defendant's sentence." *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (internal quotation marks and citation omitted).

The written judgment reflects that drug testing is both a special and a mandatory condition of supervised release. Thus, the district court's inclusion of a drug testing component, as part of the special condition of supervised release requiring substance abuse treatment, does not broaden the restrictions or responsibilities of Juarez-Luna's supervised release. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006); *Vega*, 332 F.3d at 852-54. Accordingly, there is no conflict warranting remand. *See Mireles*, 471 F.3d at 558; *Vega*, 332 F.3d at 852-54

AFFIRMED.