# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10782
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIZABETH ESCOBEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:11-CR-14-5

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Elizabeth Escobedo is serving an 18-month prison sentence imposed upon the revocation of her supervised release. The district court also ordered her to serve an additional 18 months of supervised release. She challenges a condition of that release, arguing that the written judgment of conviction conflicts with the oral pronouncement of sentence. Specifically, she maintains that the written judgment improperly adds a special condition that she submit to drug testing as part of a drug treatment program and that the drug testing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirement broadened the condition, orally pronounced at sentencing, that she participate in drug treatment.

A conflict arises if the written judgment contains a special condition that the district court did not impose at sentencing or if the written judgment broadens the conditions imposed at sentencing. *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006); *United States v. Torres-Aguilar*, 352 F.3d 934, 936 (5th Cir. 2003). Where there is a conflict, we will order the district court to reform the judgment by deleting the special condition that was not orally pronounced. *United States v. Vega*, 332 F.3d 849, 852-53 (5th Cir. 2003). We review for abuse of discretion. *Torres-Aguilar*, 352 F.3d at 935.

Drug testing is both a special condition and a mandatory condition of Escobedo's supervised release. The mandatory condition, which she does not challenge, requires her to "submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer." In announcing the special conditions at sentencing, the district court ordered Escobedo to "participate in a program approved by the United States Probation Office for the treatment of narcotic, drug, or alcohol dependency." The written judgment ordered that the drug treatment program "will include testing for the detection of substance use or abuse." Because drug testing is generally a component of drug treatment programs and because it is a properly imposed mandatory condition of Escobedo's supervised release, the written judgment's inclusion of this requirement in the context of the special condition that Escobedo participate in drug treatment did not add a new condition or broaden the special condition announced at sentencing. *See Mireles*, 471 F.3d at 558; *Vega*, 332 F.3d at 854. Accordingly, the written judgment does not conflict with the oral pronouncement of sentence

AFFIRMED.