25,679-22

COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

Dear Abel Acosta,
    (CCA), Clerk,                                    March 6, 2015

RE: EX PARTE ARTHUR DAVID LOWE, **WR-25,679-22**; CAUSE No.**659154-B**

   Please find enclosed Applicant's Original Application for Writ
of Habeas Corpus, in your official records-**WR-25,679-22**. referred
to and supplying a copy here-with. Being Applicant is unable to
make copies. Being incarcerated (TDCJ-ID), Texas Department of
Criminal Justice-Institutional Division, at the Hughes Unit. NO
offender(s), are permited to make copies. nor is there any copy
unit supplied for Offender(s) use.  Please filed the same and pre-
sent to the Court the 'Motion For Reconsideration', in reference to
the above Writ Number and Cause Number. Being this Motion and Re-
cords to the attention of the Honorable Justice of the Court's
attention. And Please, up-date me on any actions taken.

   I, truly appreciate your consideration...THANK YOU...May GOD
Bless Yuo, Yuor Family and Friends.

MOTION DENIED
DATE: 4-20-15
BY: PC

Sincerely

*Arthur Lowe*
ARTHUR DAVID LOWE#669750
HUGHES UNIT.
RT. 2. BOX 4400.
GATESVILLE, TEXAS 76597

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

**WR-25,679-22;** CAUSE No.**659154-B**

| | | |
|---|---|---|
| EX PARTE ARTHUR DAVID LOWE | § | IN THE 339TH DISTRICT COURT |
| Applicant, | | |
| | | |
| V. | § | OF |
| | | |
| THE STATE OF TEXAS | § | HARRIS COUNTY, TEXAS |
| Representative(s), | | |
| ASSISTANT DISTRICT ATTORNEY, | | |
| [Sharon Y. Chu], Respondant. | § | |

<u>MOTION FOR RECONSIDERATION</u>

**TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:**

**NOW COMES**, Arthur David Lowe, [hereinafter referred to as Applicant], and respectfully, submits this **'Motion For Reconsideration'**. And will show the following:

**[APPLICANT IS ILLEGALLY RESTRAINED]**

Applicant was convicted by a jury, On October 25, 1993, and Sentenced October 28, 1993. To **[LIFE]**--In the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID), Formerly the Texas Department Of Corrections.

I

On January 19, 1995, the First Court of Appeals affirmed Applicant's appeal. <u>Lowe V. State</u>, 01-93-00985-CR, **1995 WL 19052 (Tex. App.-Houston [1st. Dist.] Jan. 19, 1995)**(mem. Op., not designated for publication).

1

## .II

Applicant filed an initial Application for Writ of Habeas Corpus challenging the conviction. Cause No.**659154-A** the trial Court On the 'State's Original Answer and Findings of Facts and Conclusions of Law and Orders.'-Adopted the State's Assistant District Attorney's Proposed Findings and Order, by signing the [same]. That effective-ly [DISPOSED]-ALL Applicant's claims [WITHOUT CONSIDERATION], and ALL the 'Motions' filed with the initial Application for Writ of Habeas Corpus, presented with supported certified records and affida-vits.

## III

Pursuant to **Texas Code Criminal Procedure Ann. article 11.07 (Vernon Supp. 1993 & 2013)**. The Harris County, District Clerk, as Ordered by and through the State's Assistant District Attorney [Sharon Y. Chu] in accordence with **Section 3(c)**, forwarded limited records, filed in the Habeas Corpus proceeding.

## IV

The Texas Supreme Court of Criminal Appeals, On **[December 18, 2013]** [DENIED WITHOUT WRITTEN ORDER] Applicant's initial Application for Writ of Habeas Corpus.

## V

After the final disposition of Applicant's First Application for Writ of Habeas Corpus **[December 18, 2013]**.

Applicant came in knowledge that the trial Court was not afforded

2

to consider Applicant's 'Separate Memorandum' with attached certified records and affidavits, and Motions', in support of his claims.

Therefore, Applicant refiled the **'Motion Reformation Aggravated Kidnapping Judgment.'** The records reflect that, the trial Court received, the 'Motion' On **April 14, 2014**, and On **[April 21, 2014]**, the trial Court **[GRANTED]**, Applicant's **'Motion'**, and made Orders **'NUNC PRO TUNC'** hearing and further Orders the Correction of Applicant's **'JUDGMENT AND SENTENCE'**. Conducting such hearing ALL in Applicant's **[ABSENCE]**. Actions taken in Violation of Statutory provision. See **Tex.Code Crim. Proc. Ann. art. 42.03, §1(a)(Vernon Supp. 2014)[Sentence shall be Pronounced in the Defendant's Presence]**.

### VI

The trial Court actions in **[GRANTING]**, Applicant's 'Motion' was to conform with the 'Jury's Actual Verdict'to the 'Special Issue' pursuant to **TEX.PENAL CODE ANN. §20.04(b)(Vernon 1993)**; See also **Williams V. State, 851 S.W. 2d 282 (Tex. Crim. App. 1993)**[AS A MATTER OF LAW].

### VII

In the instant case, the records unequivocally reflect the trial Court's Order Correction of Applicant's **'JUDGMENT AND SENTENCE'** from the egregious entry in the Original **'Judgment and Sentence'** of [**First Degree Aggravated kidnapping Judgment**] the trial Court made the lawful Correction to Applicant's **'JUDGMENT AD SENTENCE'**--Reduced the Offense to **[SECOND DEGREE AGGRAVATED KIDNAPPING]**--The records NOW being Corrected by the trial Court reflect **'SECOND DEGREE AGGRAVATED KIDNAPP-**

3

ING RELEASE VICTIM IN A SAFE PLACE]. See **TEX.PENAL CODE ANN. §20.04(b)** (Vernon 1993); See also **TEX.PENAL CODE ANN. §12.33 [Second Degree Pun-ishment].** Compared to **TEX.PENAL CODE ANN. §12.32 [First Degree Punish-ment].**

The trial Court Ordered the Correction of Applicant **JUDGMENT AND SENTENCE'** the Orders Reduced the Offense to **'Second Degree Aggravated Kidnapping'.** However, Applicant remain under Sentence **[LIFE].**

## VIII

The trial Court ERRED in signing--Adopted the State's Original Ans-wer and Proposed Finding of Facts and Conclusions of Law and Order. To [DISMISS]--Applicant's Application for Writ of Habeas Corpus as none-compliance with **Article 11.07, §4.**

Whereas, the records reflect and Applicant Application for Writ of Habeas Corpus, although being a Second Application for Writ of Habeas Corpus, the trial Court **[GRANTED]** Applicant **'Motion'** On **[April 21, 2014]** Corrected Applicant's **'JUDGMENT AND SENTENCE'** Reduced the Offense from **1st Degree Aggravated Kidnapping** [TO] **2nd Degree Aggravated Kidnapping.** The **[GRANTING]** of Applicant's **'Motion'** and Correction of records in Reduced Applicant's **'JUDGMENT AND SENTENCE'** occurred [AFTER]--the final [DISPOSITION] of the initial Application On **[December 18, 2013].** There-fore, the current claim was not and could not have been presented in the initial Application for Writ of Habeas Corpus, because the fact-ual and legal basis for the claim was unavailable on the date dispos-ition of Applicant First Application [DENID]--**December 18, 2013.** The current claim became an issue for legal basis On **April 21, 2014.** In

4

addressing whether the instant Application is barred as a 'Subsequent Application' Under **Section 4,** Or whether if it falls within an exception, of **Section, 4(a)(1),** provides;

(a)'If a subsequent application for writ of habeas corpus, if filed after final disposition of an initial application, challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application; **'unless the application contains sufficient facts establishing that;**

**(1)'the current claim and issue have not and could not have been presented previously in an original application or a previously considered application under this Article because the "factual or legal basis for the claim was unavailable on the date the applicant filed the previous application[.]**

(c)'for the purpose of subsection **(a)(1),** a factual basis of a Claim is unavailable on or about a date described by subsection **(a)(1)** the factual basis was not asertainable through the exercise of reasonable diligence on or before the date.

**TEX.CODE CRIM. PROC. ANN. art. 11.07, §4(a)(1),** Thus the court's are barred from considering the merits of an applicant's application, **'Unless the facts giving rise to the claim, made in the instant Application could not have been presented in the initial Application because they were "not asertainable through the exercise of reasonable diligence on or before the date of the initial Application."**

In the instant Application for Writ of Habeas Corpus, the records

5

unequivocally reflect, and as Applicant has demonstrated above and the referred to Application for Writ of Habeas Corpus shows that the current claim was not and could not have been presented in the initial Application for Writ of Habeas Corpus. [DENIED][DECEMBER 18, 2013]. The Claims being raised in the instant Application for Writ of Habeas Corpus--**WR-25,679-22**, Cause No.**659154-B**. was not available for any factual or legal basis to be raised for consideration until [APRIL 21, 2014].

## IX

This Honorable Court of Criminal Appeals, has [DISMISSED]-Applicant's Application for Writ Of Habeas Corpus. Under the circumstance Applicant respectfully request the Court's reconsideration in reviewing the Claim concerning the trial Court's ERROR violation Applicant Due Process Rights and Due Course of Law, the ERROR being on a Constitutional Right and in Violation of Statutory Provision. See **TEX.CODE CRIM. PROC. ANN. art. 42.03, §1(a)(Vernon Supp. 2014)**. As the records clearly reflect as Applicant has demonstrated above, the referred to Application for Writ of Habeas Corpus, meets the required Statutory authority in **Article 11.07, §4(a)(1)**.

This Honorable Court of Criminal Appeals, has entertained Applicant's that have filed 'Motion(s) for Reconsideration'. and on the Court On Motion reconsidered See **Ex parte Lemke, 13 S.W. 3d 791, 794 (Tex. Crim. App. 2000)**.

The ERROR in the instant case, is the trial Court Correction of Applicant's **'JUDGMENT AND SENTENCE'** from **'First Degree Aggravated Kidnapping'** Reduced the offense to **'Second Degree Aggravated Kidnapping'**. Failure to

6

make Orders to comply with Statutory provision. See **Tex.Code Crim. Proc. Ann. art. 42.03, §1(a)(Vernon 2014)** [the Sentence shall be Pronouced in the Defendant's Presence].

***In this case [**The Sentence has NOT been Pronouced in ([Applicant's]) Presence**].

Applicant is entitle to Due Process Rights and Due Course of Law, as well as a Constitutional Right to have the Sentence in which He is to serve Pronuonced in His Presence.

## ORAL PRONOUNCEMENT OF SENTENCE

The trial Court's Ordered **'NUNC PRO TUNC'** **'CORRECTION'** of Applicant's **'JUDGMENT AND SENTENCE'**. In Applicant's **[ABSENCE]**. Applicant have a Due Process Right to have the Sentence Orally Pronounced in His Presence. See **Marshall V. State, 860 S.W. 2d 142 (Tex. App.–Dallas 1993, no pet)**; **Ex parte Madding, 70 S.W. 3d 131 (Tex. Crim. App. 2002)**; **Taylor V. State, 131 S.W. 3d 500 (Tex. Crim. App. 2004)**(citing **Tex.Code Crim. Proc. Ann. art. 42.03, §1(a)(Vernom 2006)**.

The trial Court's Orders **'NUNC PRO TUNC'** hearing reflects that the trial Court presiding Judge Corrected Applicant's **'JUDGMENT AND SENTENCE'**. Pursuant to **TEX.PENAL CODE ANN. §20.04(b)(Vernon Supp. 1993 § 2014)**. See also **Hughes V. State, 493 S.W. 2d 166, 170 (Tex. Crim. App. 1973)**("A judgment may be reformed so as to show the offense of which the accused was found guilty by the court or **Jury**)See also **Ex Parte Phillp, 176 S.W. 3d 818 (Tex. Crim. App. 2005)**["The expectation of having the oral prouncement match the written judgment applies to sentencing issues, as the term of confinement assessed and whether

multiple sentence would be served concurrently"). It is ERROR for the trial Court to enter Orders 'NUNC PRO TNC' hearing Correction of Applicant's 'JUDGMENT AND SENTENCE' without affording Applicant an opporunity to be at the hearing, sentencing, represented by Counsel in avvord to Applicant's Due Process of Law. See Shaw V. State, 539 S.W. 2d 887 (Tex. Cr. App. 1976).

In Mitchell V. State, 942 S.W. 2d 170 (Tex. App.-Amerillo, 1997) ("the appellant court, held that, when valid judgment of conviction for first degree felony offense was not nunc pro tunc judgment, but merely a correction made during the term time, was no requirement for notice, hearing and proof in defendant's presence"). Whereas, In Vallez V. State, 21 S.W. 3d 778 (Tex. App-San Antonio 2000)("entry of nunc pro tunc judgment indicated that defendant's three controll-ed substance prosecuting has not been consolidated for plea and sen-tencing, was ERROR, where defendant was not given opportunty to be present at the hearing and be heard and represented by counsel, to accord him due process").

## ON FEDERAL REVIEW

A defendnat is constitutional entitled to due process, at a bare minimum, due process requires that a defendant be give notice if the punishment to which he has been sentenced. See e.g.,Landford V. Idaho, 500 U.S. 110, 111 S.Ct. 1723 (1991)("[A] notice of issue to be resol-ved by the adverary process is a fundamental charactisic of fair pro-cedure:);Baldwin V. Hale, 68 U.S. 68, 233. I. well (1863)([C]ommon justice requires that no man be condemned in his person or property

8

without notice and an opprotunity to make his defense");**In re oliver, 333 U.S. 257, 68 S.Ct. 499 (1945)**(due process requires that a person be given reasonable notice of a charge aganist him, and an opportunity to examine the witnesses against him to offer testimony, to be represented by counsel);**e.g.,doweney V. United States, 67 App. 192, 91 F.3d 233, 239 (1937)**("changes in the records of judgment made without notice to defendant or opportunity to be heard would deprive person of liberty without due process of law; [P]roceeding in absence of appellant to correct the record would have been improper, sence the ulimate question involved, extent of a valid imprisonment which he might be subjected, was one of vital interest to him");**United States V. Spiers, 82 F.3d 1274, 1282 (3d Cir. 1996)**(because had notice and was present in court-room rights were not effected by the failure to give effect to a complete defense to prosecution. See **FED. R. CRIM. P. 43, [Defendant shall be Present during the Pronouncement of Sentence]**; See also **United States V. Vega, 332 F.3d 849, 852 (5th Cir. 2003)**; **FED.R. CRIM. P. 43(a)(3)**("reguiring the defendant...be present at sentencing"), th[is] Constitutional Right...is rooted to a large extent in the Confrontation Clause of the **Sixth Amendmant**, but...is [also] protected by the Due Process clause in some situations. Where the defendant is not actually confronting witnesses or evidence against him"); See **United States V. Gagnon, 470 U.S. 522, 526, 105 S.Ct. 1482 (1985)**(internal citation omitted).

Therefore, if the written judgment conflicts with the sentence pronounced at sentencing, the pronouncement controls. See **United States**

9

V. Martinez, 254 F.3d 941, 942 (5th Cir. 2000). If, however, the difference between the two is only an determine the sentence. See **United States V. Warden**, 291 F.3d 363, 365 (5th Cir.), cert. denied. 537 U. S. 935, 123 S.Ct. 35 (2000).

In this instant case, reaching this conclusion, on the States level. **TEX.CODE CRIM. PROC. ANN. art. 42.03, §1(a)(Vernon 2014)**;Abon V. State, 997 S.W. 2d 281, 282 (**Tex. App.-Dallas 1998**)(A Defendant has a Constitutional Right to be Present at Sentence);Aguilar V. State, 202 S.W. 3d 840, 843 (**Tex. App.-Waco [10th Dist], 2006**)(Article 42.03, Section 1(a), of the **Texas Code Criminal Procedure**, provides, that "**Sentence shall be pronounced in the Defendant's Presence.**" **TEX.CODE CRIM. PROC. ANN. art. 42.03, §1(a)(Vernon supp. 2005)**, [2] When the defendant is convicted of more than one offense in the same proceeding, the court must pronounce whether the sentence will run concurrently or consecutively. See id. **art. 42.08 (Vernon Supp. 2005)**.

See also **Blakely V. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2005)**. Therefore, based on the records of the '**NUNC PRO TUNC**', hearing proceeding, [A]LL in Applicant's **[ABSENCE]**. Corrected the '**JUDGMENT AND SENTENCE**'. Is ERROR on a magnitude that Violates Applicant's Due Process of Law, to hold such a hearing without Applicant being present, to afford the opportunity to be represented by Counsel, in accord to Applicant's Due caurse of Law...[this actual] '**Nunc Pro Tunc**', hearing in open Court where the presiding Judge the Honorable [Maria T. (Terri) Jackson of the 339th District Court can only be found on the Court's actual minutes, because the Deputy Clerk [L. Guevara], DID

10

NOT filed the actual Orders by the trial Court. However, the Correction of Applicant's **'JUDGMENT AND SENTENCE'** can also be found in the official records of the Court of Criminal Appeals, Clerk'. The (CCA), Order On **July 28, 2014 [Supplemental to the Court Clerk's official records]**. See **WR-25,679-15**.

Thus, the Court should follow the well-settled law set-out in **Vasquez,** because it violates a defendant's Constitutional Rights to Due Process and due Caurse of Law, to Orally Pronuonce Sentence to Him and then later without giving Applicant an opportunity to be heared, enter a written judgment imposing a significant harsher Sentence. See **Ex parte Vasquez, 712 S.W. 2d 754 (Tex. Crim. App. 1975).**

## CONCLUSION OF PRAYER

**WHEREFORE, PREMISES, CONSIDERED,** Applicant **prays** this Honorable Court of Criminal Appeals, Justice, Reconsider each and every point raised herein and take the appropriate legal actions, as the law and justice requires, in protection of Applicant's Due Process Rights, and Due Course of Law, Thus, this ERROR being on Constitutional Rights, that the court should NOT just turn a blind eye. The Sentence should be Pronounce in Applicant's Presence.

Respectfully Submitted

*Arthur Lowe*

ARTHUR DAVID LOWE#669750
HUGHES UNIT.
RT. 2. BOX 4400
GATESVILLE, TEXAS 76597

## CERTIFICATE OF SERVICE

I, Arthur David Lowe, being the Applicant herein, and hereby certify

11

that the foregoing **'Motion for reconsideration'** and **'Exhibits** appended . with this 'Motion' herein, has been delivered by U.S. Postal service. To the Court of Criminal Appeals, and **I SWARE UNDER PENITLY OF PERJURY,** that ALL the contents and statements made herein and **Exhibits** are TRUE and CORRECT. and that this Honorable Court can verify the same. I filed and submits this to this Court, for Reconsideration. On this __6__ , day of __MARCH__ , 2015.

Respectfully Submitted

*Arthur Lowe*
ARTHUR DAVID LOWE#669750
HUGHES UNIT.
RT. 2. BOX 4400
GATESVILLE, TEXAS 76597

the above captured cause numer.

On this __6__, day of __MARCH__, 2015.

Respectfully Submitted

*Arthur Lowe*

ARTHUR DAVID LOWE#669750
HUGHES UNIT.
RT. 2. BOX 4400
GATESVILLE, TEXAS 76597

## MASTER INDEX 'EXHIBITS'

| No. | | Vol |
|---|---|---|
| 2 | Trial Court's Oder Corrected Judgment and Sentence | 2 |
| 1 of 2 | Judgment and Sentence | 2 |
| 1 | The 339th Deputy Clerk [L. Guevara], altered Orders & | 1 |
| 1 of 2 | Judgment and Sentence | 2 |
| 1 | The Jury's Actual Verdict On 'Special Issue' Form | 1 |
| 1 | District Clerk's acknowledgment of [Disposition of initial Application for Writ of habeas Corpus. | 1 |

Respectfully Submitted

*Arthur Lowe*

ARTHUR DAVID LOWE#669750
Pro Se.

13



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

Direct Dial Line:

ARTHUR LOWE #669750
HUGHES UNIT
RT. 2. BOX 4400
GATESVILLE, TX 76597

Memorandum response to correspondence received: <u>04/14/14</u>

Re: Cause No(s) <u>065915601010 & 065915401010.</u>

Dear <u>MR. LOWE,</u>

☒ Your motion/request <u>NUNC PRO TUNC</u> was filed with the District Clerk and on <u>04/21/14</u> the Court:

☐ Took no action    ☐ Denied your Motion/Request    ☒ Granted your motion/request

☐ Took action    ☐ Advised attorney of record    ☐ Other

☒ Other: **PLEASE FIND ATTACHED A COPY OF THE CORRECTED JUDGMENT AND SENTENCE. ALSO, OUR RECORDS HAVE BEEN CORRECTED TO REFLECT 2ND DEGREE FELONY - AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE.**

CHRIS DANIEL, District Clerk

By: L. GUEVARA
Clerk in the 339TH District Court



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 2, 2014

Certified Document Number:        60519986

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

(P-2)

SUPERSEDED BY NUNC PRO TUNC ENTRY DATED 4/21/2014

NO. 659154

THE STATE OF TEXAS
VS.

IN THE _339th_ DISTRICT

COURT OF HARRIS COUNTY, TEXAS

Arthur David Love

Change of Venue From: _N/A_

## JUDGMENT ON JURY VERDICT OF GUILTY - PUNISHMENT FIXED BY COURT OR JURY

Judge Presiding: Caprice Cosper          Date of Judgment: October 22, 1993

Attorney
for State: Dan Rizzo                     Attorney
                                         for Defendant: Jim Rust [ ] Waived Counsel

Offense: Aggravated Kidnapping

Degree: 1st          Date Offense Committed: March 4, 1993

Charging
Instrument: Indictment/~~Information~~          Plea: Not Guilty

Jury Verdict: Guilty          Foreman: David L. Phillips

Plea to Enhancement
Paragraph(s): Not true          Findings on Enhancement: True

Affirmative Findings: (Circle appropriate selection – N/A = not available or not applicable)
DEADLY WEAPON: Yes |No |(N/A)|   FAMILY VIOLENCE: Yes |No |(N/A)   HATE CRIME: Yes |No |(N/A)

Date Sentence Imposed: October 28, 1993   Costs: $109.50   Punishment Assessed by: the Jury

Punishment and Place of Confinement: Life Imprisonment TDCJID   /Fine $   Date to Commence: October 28/H

Time Credited: 232 days          Total Amount of Restitution/Reparation/Reward:

Concurrent Unless Otherwise Specified: _____          Restitution/Reward to be Paid to:
                                                        Name:
                                                        Address:

Statement of Amount of Payment(s) required/Terms of Amount:

This cause being called for trial, the State appeared by the above named attorney, and the defendant appeared in person in open court, the above named counsel for Defendant also being present, or where a defendant is not represented by counsel, the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent and having pleaded as shown above to the charging instrument, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreman and eleven others was duly selected, impaneled, and sworn, the jury having heard the charging instrument read and the Defendant's plea thereto and having heard the evidence submitted and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and defendant's counsel, if any, being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

On _October 28_, 19 _93_, the Defendant having previously elected to have punishment assessed by the above shown assessor of punishment, and when shown above that the charging instrument contains enhancement paragraph(s),

which were not waived and alleges Defendant to have been convicted _twice_ previously of any felony or offenses for the purpose of

enhancement of punishment, the Court asked Defendant if such allegations were true or false and Defendant answered as shown above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court; they retired to consider such question and after having deliberated they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed punishment of the Defendant as shown above.

IT IS, THEREFORE, CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that the said judgment be and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and said Defendant be punished in accordance with the Jury verdict or the Court's finding, as shown above and that the Defendant is sentenced to a term of imprisonment or fine or both, as set forth above and that the said Defendant be delivered by the Sheriff to the Director of the Texas Department of Criminal Justice, Institution Division, or other person legally authorized to receive such convicts for the punishment assessed herein, and the said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issue as necessary. Further, the court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, Code of Criminal Procedure.

AND the said Defendant was remanded to jail until said Sheriff can obey the directions of this judgment.

Plea Before Jury - Court/Jury Assessing Punishment
CRM-4  R10-07-93                              Page 1

** TO BE COMPLETED ONLY WHEN IMPOSITION OF SENTENCE SUSPENDED AND DEFENDANT GRANTED PROBATION.

**[ ] On this the _____ day of _____, 19_____ imposition of this sentence is suspended and defendant is placed on Adult Probation for _____ years pending his abiding by and not violating the terms and conditions of probation, approved by this court and attached as a part of this judgment herewith.

659154

## BILL OF COSTS

LCBT

Payment Type:____ (S, I, D, M or L:) (NOTE: If "I" or "D" see attached order)
Jail Time: _____ H/D/M/Y CC: Y/N ____ Y=Yes N=No (jail/fine/cost concurrent)
Time Assessed Texas Department of Criminal Justice,Institutional Div.:_____ D/M/Y
Jail Credit: _____ H/D/M/Y          Sentence to Begin Date: _____
Jail as a Term of Probation:_____ H/D/M/Y Additional Jail Credit:_____ H/D/M/Y
Payable on or Before: _____ PLO: _____ Reward SPN: _____ COC:_____
_____ Hours of Sentence to be Served by Performing Community Service
Defendant to Serve Sentence by Electronic Monitoring? (Y or N): _____
NOTE TO SHERIFF:_____

| | | | | | |
|---|---|---|---|---|---|
| Transcript at:_____ Pages........ | | | Crime Stoppers Fee........ | 2 | 00 |
| Serving Capias: _____/Summons:_____ | | | Jury Fee................. | 20 | 00 |
| Summoning____Witness/Mileage........ | 5 | 00 | CJPF..................... | 20 | 00 |
| Jury Fee............................ | | | LEOSEF................... | 1 | 50 |
| Taking: _____ Bonds................ | | | CVCF..................... | 25 | 00 |
| Commitment.......................... | | | DCLCF.................... | | |
| Release............................ | | | JCTF..................... | 1 | 00 |
| Attachment......................... | | | Video Fee................ | | |
| Arrest W/O Warrant/Capias.......... | | | DWI Evaluation Fee....... | | |
| -------------- RECAPITULATION -------------- | | | Reward Repayment......... | | |
| Fine Amount........................ | | | Security Fee............. | 5 | 00 |
| Miscellaneous Costs................ | | | Records Preservation Fee. | 10 | 00 |
| Judicial Fund Fee.................. | | | ACCA..................... | | |
| Special Expense.................... | | | Financial Responsibility. | | |
| Trial Fee.......................... | | | PTR Fee.................. | | |
| District Attorney Fee.............. | | | Attorney Fee............. | | |
| Clerk's Fee........................ | 40 | 00 | Breath Alcohol Testing... | | |
| Sheriff's Fees (Total)............. | 5 | 00 | Rehabilitation Fund...... | | |
| Misdemeanor Costs.................. | | | Amount Probated/Waived... | | |
| MAP Traffic Costs.................. | | | TOTAL AMOUNT OWED........ | 107 | 50 |

Signed and entered this the 28 day of __October__, A.D., 1993.

Notice of Appeal: ___10-28 19 93___          _____
                                              PRESIDING JUDGE

Probation Expires: ___N/A 19___

Mandate Received: __June 28__ 19 95 Affirmed - 1st Court of Appeal

After Mandate Received, Sentence to Begin Date is: October 28, 1993 with 232 days credit

(Check ONLY if Applicable)

[ ] Defendant to be placed in the "S.A.I.P." (Boot Camp) program in the Texas Department of Criminal Justice, Institutional Division pursuant to Art. 62.03 (c)-9 Revised Statutes/Article 42.12, Section 8, C.C.P.

Received on _____ day of _____, A.D., 19____ at _____ o'clock____M.

Sheriff, Harris County, Texas

By: _____Deputy

| |
|---|
| Entered _____ |
| Verified _____ |

Defendant's
Right Thumbprint

CRM-4 R10-07-93                    -2-



Cause No. <u>065915601010</u>

**The State of Texas**

v.

**LOWE, ARTHUR DAVID**

a/k/a _____

---

**In the <u>339TH</u> District Court   or   County Criminal Court at Law No. _____**
**Harris County, Texas**

---

**ENTRY OF JUDGMENT NUNC PRO TUNC**

Today, the Court held a hearing on

☐ the State's written motion for judgment nunc pro tunc.

☒ the Defendant's written motion for judgment nunc pro tunc.

☐ its own motion.

Satisfied from its own recollection and / or from the evidence presented the Court grants the motion and **ORDERS** entry of the following judgment in the minutes of the Court in the above styled and numbered case to make the following correction:

1- OFFENSE FOR WHICH DEFENDANT CONVICTED SHOULD READ:

AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE (100714)

2- DEGREE OF OFFENSE SHOULD READ: 2ND DEGREE FELONY.

☒   If applicable, the judgment nunc pro tunc supersedes the erroneous judgment previously entered and attached.

Signed this date: April 21, 2014.

_____,
Judge Presiding

Certified Document Number: 60519986 - Page 5 of 5



## CASE No. 065915601010
INCIDENT No./TRN: 9000184029-A001

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | | § | IN THE 339TH DISTRICT |
| | | § | |
| v. | | § | COURT |
| | | § | |
| LOWE, ARTHUR DAVID | | § | HARRIS COUNTY, TEXAS |
| | | § | |
| STATE ID No.: TX02465170 | | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. CAPRICE COSPER | Date Judgment Entered: | 10/22/1993 |
| Attorney for State: | DAN RIZZO | Attorney for Defendant: | JIM RUST |

Offense for which Defendant Convicted:
**AGGRAVATED KIDNAPPING RELEASE VICTIM IN A SAFE PLACE (100714)**

| | |
|---|---|
| Charging Instrument: **INDICTMENT** | Statute for Offense: **N/A** |

Date of Offense:
**3/4/1993**

| | |
|---|---|
| Degree of Offense: **2ND DEGREE FELONY** | Plea to Offense: **NOT GUILTY** |
| Verdict of Jury: **GUILTY** | Findings on Deadly Weapon: **N/A** |
| Plea to 1st Enhancement Paragraph: **NOT TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: **NOT TRUE** |
| Findings on 1st Enhancement Paragraph: **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: **TRUE** |
| Punished Assessed by: **JURY** | Date Sentence Imposed: **10/28/1993** | Date Sentence to Commence: **10/28/1993** |

| | |
|---|---|
| Punishment and Place of Confinement: | **LIFE INSTITUTIONAL DIVISION, TDCJ** |

**THIS SENTENCE SHALL RUN CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A**.

| Fine: $ N/A | Court Costs: $ 134.50 | Restitution: $ N/A | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

Time Credited:

| From **3/12/1993** to **10/28/1993** | From _____ to _____ |
|---|---|
| From _____ to _____ | From _____ to _____ |
| From _____ to _____ | From _____ to _____ |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**232 DAYS    NOTES: TOWARD INCARCERATION, FINE, AND COSTS**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Harris County, Texas**. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

Certified Document Number: 60519986 - Page 3 of 5

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election (select one)

☒ **Jury.** *Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.*

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the **Office of the Harris County** . Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

Furthermore, the following special findings or orders apply:

**Signed and entered on 10/28/13**

X _____
**CAPRICE COSPER**
JUDGE PRESIDING

Notice of Appeal Filed: **10/28/1993**

Mandate Received: **06/28/1995** Type of Mandate: **AFFIRMANCE- 1ST COURT OF APPEALS**

After Mandate Received. Sentence to Begin Date is: **10/28/1993**

Jail Credit: **232 DAYS CREDIT**

Def. Received on _____ at _____ ☐ AM ☐ PM

By: _____ , Deputy Sheriff of Harris County

**Right Thumbprint**

Clerk: **L GUEVARA**

EN/KR04: _____ LCBT: _____ LCBU: _____ EN/KR18: _____

F--Conviction by Jury with TDC checklist_065915401010_3.docm     Page 2 of 3

Certified Document Number: 60519986 - Page 4 of 5

CAUSE NO. 659156

THE STATE OF TEXAS     |        |     IN THE 339TH DISTRICT COURT

VS.                    |        |     OF HARRIS COUNTY, TEXAS

ARTHUR DAVID LOWE      |        |     AUGUST TERM, A. D., 1993


## SPECIAL ISSUE

Now, if you have found the Defendant guilty of aggravated kidnapping, as defined in this charge, and only in that event, you must determine whether or not the defendant voluntarily released the victim alive and in a safe place.

Do you the Jury find the defendant voluntarily released the victim alive and in a safe place, in the commission of the offense for which he has been convicted?

ANSWER:    "We do" or "We do not".


ANSWER:  _WE DO_____


_David F. Pledge_____
Foreman of the Jury


## VERDICT

We, the jury, return in open court the above answer as our answer to the special issue submitted to us, and the same is our verdict in this case.

_David F. Pledge_____
Foreman of the Jury

F I L E D
KATHERINE TYRA
District Clerk
OCT 27 1993
Harris County, Texas
By_____
Deputy

# CHRIS DANIEL

## HARRIS COUNTY DISTRICT CLERK

December 22, 2014

ARTHUR DAVID LOWE, JR.
#669750 HUGHES UNIT
ROUTE 2 BOX 4400
GATESVILLE, TEXAS 76597

RE: CAUSE #659154-B
339th District Court

Dear Applicant:

Your post conviction application for Writ of Habeas Corpus was received and filed on 12-22-14. Article 11.07 of the Texas code of Criminal Procedure affords the State 15 days in which to answer the application after having been served with said application. After the 15 days allowed the State to answer the application, the Court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered an order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07, Sec. 3 (c) of the Texas Code of Criminal Procedure.

The records of the office reflect the following:

| CAUSE NO. | PETITION FOR WRIT OF HABEAS CORPUS | DISPOSITION |
|---|---|---|
| 659154-A | 12-18-13 | DENIED |

**All** future correspondence should indicate the above listed cause number.

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

CC: District Attorney
    Judge, Presiding Court

# COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

## WR-25,679-22; CAUSE No.659154-B

EX PARTE ARTHUR DAVID LOWE  §   IN THE 339TH DISTRICT COURT
     Applicant,

V.                            §   OF

THE STATE OF TEXAS,           §   HARRIS COUNTY, TEXAS
REPRESENTATIVE(s), ASSISTANT
DISTRICT ATTORNEY(s).
        Respondant(s).       §

## ORDER

## MOTION FOR RECONSIDERATION

BE IT REMEMBER, that on this day came to be considered that Applicant's **'Motion For Reconsideration'**. After considering the pleading herein and the evidence presented, the Court is of the Opinion that the following Order should issue:

It is hereby ORDERED that the Applicant's **'Motion'** is

GRANTED

DENIED

 

 

                            THE PRESIDING JUSTICE (CCA).

14