# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50640
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO GRANADOS GONZALEZ, also known as Jose Antonio Gonzalez Granados,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-83-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Granados Gonzalez (Gonzalez) pleaded guilty to importing 50 kilograms or more of marijuana and possessing with intent to distribute 50 kilograms or more of marijuana. He was sentenced to 30 months in prison and two years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50640

On appeal, Gonzalez challenges special conditions of supervised release that require him to participate in a drug treatment program and undergo drug testing.  He argues that the special conditions are not reasonably related to the relevant statutory factors of 18 U.S.C. §§ 3553(a) and 3583(d) because, inter alia, his offenses did not involve the abuse of drugs, there is no indication that he is a drug addict, and the district court did not recommend that he be placed in a Residential Drug Abuse Program (RDAP) while in prison.  He also argues that the special conditions duplicated mandatory conditions of his supervised release, which barred the use and possession of drugs and ordered drug testing.  We need not determine whether Gonzalez preserved these arguments because he has not shown that the district court abused its discretion, much less plainly erred, in imposing the special conditions.  *See United States v. Miller*, 665 F.3d 114, 134 (5th Cir. 2011); *United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir. 2008).

A district court may impose any condition of supervised release that it deems appropriate if the condition is reasonably related to: (1) the nature and characteristics of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; or (4) the provision of, inter alia, needed medical care or correctional treatment.  § 3583(d)(1); *see* § 3553(a)(1), (a)(2)(B), (a)(2)(C), & (a)(2)(D).  The condition cannot impose a greater deprivation of liberty than is reasonably necessary and also must be consistent with the policy statements of the Sentencing Guidelines.  § 3583(d)(2), (3).

The record reflects that, in addition to the instant drug-related offenses, Gonzalez previously was convicted for misdemeanor possession of marijuana and was ordered to participate in a drug counseling program.  Also, the record supports that Gonzalez regularly and consistently used marijuana up until the

instant offenses.  Thus, the special conditions, which accorded with the policy statements of the Guidelines, *see* U.S.S.G. § 5D1.3(d)(4), are reasonably related to at least one pertinent factor in § 3553(a), *see* § 3583(d)(1).  The district court did not have to find that the instant crimes involved the abuse of drugs or that Gonzalez was a drug addict; the district court only had to have reason to believe that Gonzalez abused drugs.  *See* § 5D1.3(d)(4); *United States v. Cothran*, 302 F.2d 279, 290 (5th Cir. 2002).  The district court's decision not to recommend that Gonzalez be placed in a RDAP, a matter over which the Bureau of Prisons has sole discretion, 18 U.S.C. § 3621(e), did not involve the merits of the special conditions but rather reflected the district court's belief that Gonzalez's failure to admit his drug abuse would prevent him from being admitted into the program, *see id.*; 28 C.F.R. § 550.53.

The only challenge that Gonzalez raises as to the deprivation of liberty caused by the special conditions is that they are redundant of the mandatory conditions as to drug possession, use, and monitoring.  *See* § 3583(d).  However, special conditions such as those imposed here are specifically contemplated by the Sentencing Commission, are distinct from mandatory conditions that apply to all defendants and involve general prohibitions, and are meant to effectuate and monitor a defendant's compliance with his drug treatment program.  *See* § 5D1.3(d)(4); *United States v. Vega*, 332 F.3d 849, 853-54 (5th Cir. 2003)  The special conditions thus are not coextensive with the mandatory conditions.

Accordingly, the judgment of the district court is AFFIRMED.