# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2021

Lyle W. Cayce
Clerk

No. 20-10835
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Chad Dewayne Mosley,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-363-5

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Chad Dewayne Mosley pleaded guilty to conspiring to possess with the intent to distribute a controlled substance and was sentenced to 230 months of imprisonment and a four-year term of supervised release. He contends that the district court abused its discretion by including various

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

conditions of supervised release in the written judgment that it failed to orally pronounce at sentencing and seeks remand to permit the district court to reform the written judgment to the oral pronouncement.

Conditions of supervised release are part of a defendant's sentence and must be pronounced unless their imposition is required by 18 U.S.C. § 3583(d). *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020), *cert. denied* 141 S. Ct. 825 (2020). A district court may satisfy the pronouncement requirement through reference to a document setting forth proposed supervised release conditions. *See Diggles*, 957 F.3d at 560-63.

At sentencing, the district court adopted the standard conditions recommended by U.S.S.G. § 5D1.3(c). In addition, Mosley signed an order which set forth additional terms of supervised release and referred to the standard conditions recommended by the U.S. Sentencing Commission. The written judgment in this case included, relevant here, 16 conditions under the heading "Standard Conditions of Supervision." As they are not mandatory, pronouncement was required. Eleven of those conditions mirror the standard conditions recommended by § 5D1.3(c). However, five conditions numbered 3, 5, 7, 10, and 11 in the judgment differ from the standard conditions recommended by § 5D1.3(c) of the applicable version of the Guidelines, which the Government concedes. The inclusion of these conditions in the written judgment creates a conflict with the oral pronouncement. *See United States v. Vega*, 332 F.3d 849, 852-53 (5th Cir. 2003). The remedy is to vacate the judgment in part and remand for excision of the conflicting conditions. *See, e.g., United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012).

Therefore, the judgment of the district court is AFFIRMED in part and VACATED in part and REMANDED for amendment of the written judgment to conform with the oral pronouncement of sentence.