# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50745
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT HELMS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-189-31

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Robert Helms appeals the sentence imposed following his conviction of conspiring to possess with the intent to distribute methamphetamine. He contends that the written judgment improperly includes a special condition of supervised release that conflicts with the district court's oral pronouncement of sentence. The Government, conceding error, asks this court to reform the written judgment and affirm the judgment as modified.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50745

Helms had no opportunity to object to the special condition of supervised release that was included in the written judgment. Accordingly, this court will review the imposition of that condition for an abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). Helms has made that showing.

At sentencing, the district court sentenced Helms to a three-year term of supervised release without mentioning that he would be subject to any specific conditions. The district court later issued a written judgment that directly conflicted with its oral pronouncement of sentence by including a special condition of supervised release requiring Helms to submit to searches by his probation officer.[1] *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). In the event of a conflict, the oral pronouncement of sentence controls and the written judgment must be amended to conform to the orally imposed sentence. *United States v. Vega*, 332 F.3d 849, 852-53 (5th Cir. 2003).

Accordingly, we GRANT the Government's motion to reform the judgment, MODIFY the judgment to strike the special condition of release requiring Helms to submit to searches by his probation officer, and AFFIRM the judgment as modified. *See* 28 U.S.C. § 2106. The Government's alternative motion for an extension of time to file a brief is DENIED.

---

[1] The special condition provides that:

> The defendant shall submit his or her person, property, house, residence, office vehicle, papers, computers as defined in 18 U.S.C. Section 1030(e)(1), and other electronic communications or data storage devices or media, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any occupant that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner. The United States probation officer may conduct a search when a reasonable suspicion exists that the defendant may have violated a condition of supervision or if there is a violation of law.