# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2021

Lyle W. Cayce
Clerk

No. 19-30833

United States of America,

*Plaintiff—Appellee*,

*versus*

Adaysha Tanner,
*also known as* Adaysha Chark, *also known as* Jonathan Chark,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:18-CR-327-1

Before Jones, Smith, and Elrod, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Between 2013 and 2015, Adaysha Tanner engaged in a federal student loan scheme to defraud the United States. Tanner fraudulently obtained $117,395 in federal student loans and grants and pleaded guilty to one count of financial aid fraud in 2019. The details of that scheme are neither disputed nor relevant.

The district court sentenced her to ten months' imprisonment and restitution payable to the U.S. Department of Education. The only issue on appeal is the amount of restitution. Tanner asserts that, at sentencing, the

court orally pronounced restitution of $63,221. In contrast, the written judgment mandates $106,744.

Tanner contends that the sentence as orally pronounced conflicts with the written judgment and, therefore, the oral pronouncement controls. We conclude that, although the oral pronouncement was ambiguous, it does not conflict with the written judgment. After reviewing the record to determine the intent, we affirm the written judgment.

I.

Ordinarily, if a defendant raises a sentencing error for the first time on appeal, we review only for plain error. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020). But that does not apply where, as here, the alleged error appears for the first time in the written judgment. *Id.* Instead, because the defendant did not have the opportunity to object in the district court, we review for abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

A defendant has a Fifth Amendment due process right to be present at sentencing. *Diggles*, 957 F.3d at 557. "Including a sentence in the written judgment that the judge never mentioned when the defendant was in the courtroom is tantamount to sentencing the defendant *in absentia*." *Id.* (quotation omitted). Thus, due process dictates that a district court "must orally pronounce a sentence." *Id.* at 556.

Accordingly, where the oral pronouncement and written judgment conflict, the oral pronouncement controls. *Id.* at 557. But that is so only if the two actually conflict. If, instead, "the written judgment simply clarifies an ambiguity in the oral pronouncement, we look to the sentencing court's intent to determine the sentence." *United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013) (per curiam). We determine that intent by examining "the entire record." *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005)

No. 19-30833

(quotation omitted).

Our first task, then, is to determine whether there is a conflict between the sentence as orally pronounced and the written judgment or, conversely, whether any discrepancy between the two merely reflects an ambiguity. The district court explained at the sentencing hearing that, although "the total intended loss is $117,395," the "net" amount "owed in restitution" was $106,744. It clarified that, in arriving at that number, Tanner's "previous payments ha[d] been subtracted." The present confusion arises from its next statement, where it declared that "the [$]106,744 appears to be . . . the correct restitution amount, although in chambers we discussed the addition of language to the form for the suggested sentence that will read 'subject to credits from IRS refunds, garnishments, and other payments, with a net balance currently showing due of $63,221.'"

After confirming with trial counsel that the statement was "accurate as a discussion point in an agreement between the Court and counsel," the court went on to "find[] that the original calculation in the [presentence investigation report] of $106,744 is correct." Then, apparently referring to the $106,744, the court affirmed that there was "an agreed amount of restitution." But in its last word on the matter, the court reiterated its earlier statement. There, it proclaimed that "[r]estitution in the amount of $106,744 is ordered to be paid" and "that the restitution amount is subject to credits already received . . . with a current accounting balance for restitution shown at $63,221."

As previously explained, the court then imposed restitution of $106,744 in the written judgment, which states that "[t]he defendant shall receive credit for all payments previously made . . . ." The written judgment does not, however, provide $63,221 as the "current accounting balance for restitution," as mentioned in the oral pronouncement.

The district court could have been clearer.  At times, it proclaimed that the proper "net" amount owed was $106,744.  In some tension with that, it expressed elsewhere that the restitution amount was "subject to credits already received . . . with a current accounting balance for restitution shown at $63,221."

Lack of clarity notwithstanding, we see no direct conflict between those statements and the written judgment.  The court stated, several times, that the "correct" or "net" amount owed in restitution was $106,744—the amount it imposed in its written judgment.  Nonetheless, because the oral pronouncement was ambiguous, "we look to the sentencing court's intent to determine the sentence."  *United States v. Romero-Medrano*, 899 F.3d 356, 363 (5th Cir. 2018) (quoting *Tang*, 718 F.3d at 487).

The record confirms that the court intended to order restitution of $106,744.  The presentence investigation report, which the court adopted, divides Tanner's fraud into two distinct line items: fraudulent loans and fraudulent grants.  The "total outstanding loan balance . . . [was] $63,221," and the "outstanding balance for fraudulently obtained grants [was] $43,523," making "$106,744" the "total restitution due."

That net amount was reduced from the gross total of $117,395, which was "based on fraudulent loans totaling $63,977 and fraudulent grants totaling $53,418."  To get to the "outstanding" balance, the presentence investigation report subtracted "any amounts already paid back to the government."  Thus, the restitution of $106,744 was the proper total—the "credits" to which the court referred in its oral pronouncement had already been applied.  The court acknowledged as much when it said that Tanner's "previous payments ha[d] been subtracted," before it arrived at $106,744 as "the correct restitution amount."

There is nothing in the record to indicate that the court intended to

forgive the entire outstanding balance of $43,523 for the fraudulently ob-tained grants.  Nor is there anything in the record to support Tanner's bald assertion that, at the time of sentencing, "she had made substantial progress towards paying down the amount owed," which, coincidentally, happened to be the exact amount of the outstanding balance for grants.  To the contrary, it appears that the court merely misspoke when it referred to the outstanding loan balance of $63,221 as the entire outstanding balance for restitution.

The oral pronouncement was ambiguous.  But the written judgment "clarified that ambiguity."  *United States v. Milton*, 805 F. App'x 280, 281 (5th Cir. 2020) (per curiam) (citing *Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. Unit A Oct. 1981)).  The record makes certain that the written judgment reflects the district court's intent.  Accordingly, the written judgment of sentence is AFFIRMED.