# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2023

Lyle W. Cayce
Clerk

—————————

No. 22-40016

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Rogelio Guerra,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-717-1

_____

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.
Per Curiam:[*]

Rogelio Guerra challenges the district court's imposition of several discretionary conditions of supervised release, arguing that the court erred when it failed to pronounce them. Because the challenged conditions are not more restrictive than the pronounced sentence, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40016

I

Guerra pleaded guilty to importing 500 or more grams of methamphetamine, as well as aiding and abetting, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1), and 18 U.S.C. § 2. The appendix to Guerra's presentencing report recommended that, while on supervised release, Guerra "shall comply with the following applicable mandatory conditions and all standard conditions of supervision that have been adopted by the Court as well as any additional special conditions." The appendix did not, however, recommend any special conditions.

At the sentencing hearing, the district court imposed a 210-month term of imprisonment, followed by a three-year term of supervised release. The court instructed Guerra that he was "to comply with the standard [supervised release] conditions adopted by the Court." Given Guerra's history of drug and alcohol abuse, the court also stated that it was ordering Guerra to participate in an outpatient drug- and alcohol-treatment program. The court did not orally pronounce any other special conditions of supervised release.

When the written judgment issued, the document listed five special conditions of supervised release:

> [1] You must participate in an outpatient alcohol and substance-abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the costs of the program, if financially able.

> [2] You may not possess any controlled substances without a valid prescription. If you do have a valid prescription, you must follow the instructions on the prescription.

No. 22-40016

[3] You must submit to substance-abuse testing to determine if you have used a prohibited substance, and you must pay the costs of the testing if financially able. You may not attempt to obstruct or tamper with the testing methods.

[4] You may not use or possess alcohol.

[5] You may not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances, including synthetic marijuana or bath salts, that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer.

Of these five special conditions, only the first was pronounced at the sentencing hearing.

Guerra timely appealed the judgment, arguing that the four non-pronounced special conditions—Special Conditions 2, 3, 4, and 5—conflict with the orally pronounced sentence.

## II

"The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing." *United States v. Diggles*, 957 F.3d 551, 556 (5th Cir. 2020) (en banc). "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *Id.* at 557. "This pronouncement rule applies to some supervised release conditions, but not all of them." *Id.* "A sentencing court must pronounce conditions that are discretionary under 18 U.S.C. § 3583(d)." *Id.* at 563. "If a condition is required," however, "the court need not pronounce it." *Id.* at 559. The conditions at issue in this appeal are all discretionary, so the district court was required to pronounce them. *Id.* at 563. It did not do so.

While in most cases our case law requires us to strike a discretionary condition that was not pronounced, we have recognized a narrow exception. *Id.* "When there is a discrepancy between the oral pronouncement and the written judgment, we must first determine whether such discrepancy 'is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record.'" *United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022) (quoting *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006)). "In the event of a conflict, the written judgment must be amended to conform with the oral pronouncement, which controls." *Id.*

Though we have often used the word "conflict" in this context, that word is a term of art, and it has a very precise meaning here. "A conflict occurs if the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement or imposes more burdensome conditions." *Id.* (alteration, internal quotation marks, and citations omitted). On the other hand, we have held that there is no conflict if there is "no material difference between the oral pronouncement and the written judgment." *United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022). In the latter situation, "we look to the sentencing court's intent to determine the sentence." *United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021) (quoting *United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013) (per curiam)). "We determine that intent by examining 'the entire record.'" *Id.* (quoting *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005)).

Guerra challenges Special Conditions 2, 3, 4, and 5. Because the challenged special conditions appeared for the first time in the written judgment, Guerra did not have an opportunity to object to them. We thus review the imposition of Special Conditions 2, 3, 4, and 5 for abuse of discretion. *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). The Government concedes error as to Special Conditions 3, 4, and 5. Despite this concession, we still review the district court's judgment for abuse of

discretion. *See United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013) (per curiam). We begin our discussion with Special Conditions 3, 4, and 5 and then turn to Special Condition 2.

## A

Special Conditions 3, 4, and 5 are no more restrictive than Special Condition 1, which was pronounced. Special Condition 3 requires Guerra to submit to substance-abuse testing and to pay for the testing if able. Special Conditions 4 and 5 prohibit Guerra from using or possessing alcohol and psychoactive substances during the period of supervised release. In light of Guerra's history of substance abuse, and the district court's pronouncement of Special Condition 1, the supervised-release condition requiring him to undergo outpatient alcohol- and substance-abuse treatment, it is easy to see how these special conditions merely clarify the orally pronounced condition requiring outpatient treatment. Drug testing, we have long acknowledged, "is a likely component of any drug treatment program." *United States v. Vega*, 332 F.3d 849, 854 (5th Cir. 2003). Special Condition 3 facilitates that component of treatment and further clarifies that Guerra's being an outpatient does not give him license to evade drug testing. *See id.* As for the other two conditions, it should go without saying that Guerra cannot use alcohol or drugs while in treatment for abusing those substances. Indeed, permitting him to use such substances during the period of treatment would defeat the very purpose of ordering alcohol- and substance-abuse treatment in the first place.

Accordingly, the district court did not abuse its discretion in imposing Special Conditions 3, 4, and 5. In fact, on several occasions we have held that special conditions identical to Special Conditions 3, 4, and 5 did not create a conflict with an orally pronounced special condition requiring substance-abuse treatment. *See, e.g.*, *United States v. Flores-Brewster*, No. 20-40817,

No. 22-40016

2022 WL 4077165, at *3–4 (5th Cir. Sept. 6, 2022) (unpublished) (per curiam); *United States v. Roblez*, No. 21-40586, 2022 WL 16570786, at *1 (5th Cir. Nov. 1, 2022) (unpublished) (per curiam); *United States v. Zavala*, 835 F. App'x 767, 768 (5th Cir. 2021) (unpublished) (per curiam); *United States v. Lozano*, 834 F. App'x 69, 75 (5th Cir. 2020) (unpublished) (per curiam). Though these opinions are not binding, we see no reason to depart from them in this case.[1]

B

We turn now to Special Condition 2, which provides that Guerra "may not possess any controlled substances without a valid prescription" and that, "[i]f [he] do[es] have a valid prescription, [he] must follow the instructions on the prescription." Guerra rightly does not contest the first part of the special condition, which prohibits him from possessing controlled substances without a prescription, as that condition is mandatory. *See* 18 U.S.C. § 3583(d). After all, mandatory conditions need not be pronounced. *Diggles*, 957 F.3d at 559. Guerra challenges instead the second part of the condition, which requires him to "follow the instructions on the

_____

[1] We reiterate that the district court's imposition of alcohol- and substance-abuse treatment is key to our decision today. Indeed, all but one of the cases cited by the parties in support of striking the special conditions are distinguishable on this ground, because in each such case (and unlike this case), the defendant was not subject to a valid special condition requiring substance-abuse treatment. *See United States v. Rodriguez*, 852 F. App'x 810, 811–12 (5th Cir. 2021) (unpublished) (per curiam) (substance-abuse treatment not validly imposed); *United States v. Johnson*, 850 F. App'x 894, 896 (5th Cir. 2021) (unpublished) (per curiam) (same); *United States v. De La Cruz*, 819 F. App'x 266, 267 (5th Cir. 2020) (unpublished) (per curiam) (same); *United States v. Boshears*, 818 F. App'x 337, 338 (5th Cir. 2020) (unpublished) (per curiam) (sex-offender treatment); *United States v. Morin*, 832 F.3d 513, 514–15, 518–19 (5th Cir. 2016) (same). *But see United States v. Hernandez*, No. 21-40161, 2022 WL 1224480, at *1, *4 (5th Cir. Apr. 26, 2022) (unpublished) (per curiam).

prescription," arguing that it is more restrictive than Special Condition 1, which requires him to undergo alcohol- and substance-abuse treatment.

Regardless of any potential conflict with Special Condition 1, the challenged condition is no broader than the *mandatory* condition prohibiting unauthorized possession of controlled substances. *See* 18 U.S.C. § 3583(d). Guerra is already prohibited from possessing controlled substances, the only exception being if he has a valid prescription. *See id.*; *see also* 21 U.S.C. § 844(a). Special Condition 2 merely reinforces that mandatory condition by preventing the unlawful abuse of a lawfully prescribed controlled substance: *If* Guerra is given a valid prescription, *then* he must follow the physician's instructions and thus remain within the realm of lawful possession of a controlled substance.

Guerra argues that "[u]nder the plain language of Special Condition 2, Mr. Guerra could be subject to reimprisonment for violating the conditions of his supervised release if he failed to finish a course of prescribed antibiotics, or skipped a dose of any prescribed medication." Not so. We read special conditions of supervised release "in a commonsense way." *United States v. Phipps*, 319 F.3d 177, 193 (5th Cir. 2003) (quoting *United States v. Paul*, 274 F.3d 155, 167 (5th Cir. 2001), *cert. denied*, 535 U.S. 1002 (2002)). Here, the requirement that Guerra follow instructions on prescriptions is included in, and immediately follows, the condition making a narrow exception to the otherwise categorical ban on possessing controlled substances. In context, therefore, the condition applies to prescriptions for controlled substances only, not to every single prescription that Guerra happens to receive from a physician.

This case is unlike *United States v. Prado*, where we held that a special condition requiring the defendant to take all prescribed mental-health medications was more restrictive than a discretionary condition requiring the

defendant to undergo mental-health treatment. *See* 53 F.4th at 318–19. Here, Special Condition 2 applies only to restrict any potential abuse of lawfully prescribed controlled substances, thus facilitating Guerra's compliance with the mandatory condition prohibiting his unlawful use of controlled substances. 18 U.S.C. § 3583(d). In contrast, the special condition in *Prado* was a blanket order requiring Prado to take any and all prescribed medications without regard to whether they were controlled substances. *See Prado*, 53 F.4th at 318–19. In other words, the special condition here is fully in line with the mandatory condition against unlawful possession of controlled substances, but the special condition at issue in *Prado* had no such connection. Therefore, Special Condition 2 poses no conflict with the pronounced sentence.

AFFIRMED.