# United States Court of Appeals for the Fifth Circuit

No. 23-40534
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roel Longoria,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-303-2

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Roel Longoria appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. He argues that there is a conflict between the oral pronouncement of sentence and the written judgment such that two special conditions of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

supervised release requiring his participation in an alcohol abuse treatment program and abstention from the use or possession of alcohol must be excised.

The Government argues that Longoria has waived review of this issue by intentionally relinquishing his rights. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). Longoria arguably waived any challenge to the pronouncement of his supervised release conditions by asserting that he was familiar with the special conditions being referenced and rejecting the district court's explicit offer to recite the conditions in open court. *See United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002); *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995). However, out of an abundance of caution, we will address the issue.

We review a condition of supervision for plain error if the defendant could have challenged it in the district court and did not, but apply an abuse-of-discretion standard if he had no such opportunity. *See United States v. Martinez*, 987 F.3d 432, 434-35 (5th Cir. 2021). It is unnecessary to determine the appropriate standard as Longoria's argument fails under either. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (concluding that the standard of review need not be resolved because there was no error under any standard).

Defendants "ha[ve] a constitutional right to be present at sentencing"; therefore, a district court must pronounce any discretionary conditions of supervision when imposing sentence. *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003); *see United States v. Diggles*, 957 F.3d 551, 557-58 (5th Cir. 2020) (en banc). "If the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement," a conflict exists, in which case the judgment should be amended to conform to the pronouncement. *United States v. Mireles*, 471

F.3d 551, 557-58 (5th Cir. 2006) (quote at 558). There is no conflict, however, if a discrepancy between the judgment and the oral sentence is "merely an ambiguity that can be resolved by reviewing the rest of the record." *Id.* at 558; *see also United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021) (stating that where an ambiguity exists, we look to the district court's intent to determine the sentence).

According to the record, Longoria had sporadically used marijuana since the age of 18 and had abused alcohol since the age of 19, to the point that he was ordered to participate in Alcoholics Anonymous as a condition of parole in a previous conviction. When imposing the conditions of supervision, the district court specifically referenced Longoria's history of alcohol abuse when it ordered that he participate in a substance abuse testing and treatment program and abstain from substance abuse. The written judgment merely clarified an ambiguity, as the record supports the conclusion that the district court intended to include alcohol-related restrictions when it orally imposed special conditions requiring the treatment for substance abuse. *See Diggles*, 957 F.3d at 557-59; *Tanner*, 984 F.3d at 457; *Mireles*, 471 F.3d at 558.

The judgment of the district court is AFFIRMED.