# United States Court of Appeals for the Fifth Circuit

---

No. 24-20187

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Johnathan E. Goins,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-370-1

---

Before Jones and Oldham, *Circuit Judges*, and Hendrix, *District Judge*.\*

Per Curiam:†

Johnathan Goins pled guilty to one count of interstate transportation for prostitution, and the district court sentenced him to time served plus five

---

\* United States District Judge for the Northern District of Texas, sitting by designation.

† Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

years of supervised release. Goins violated the conditions of his original supervised release by possessing illicit substances, and by failing to participate in a drug-treatment program, so the district court imposed a revocation sentence consisting of six months' imprisonment followed by another term of supervised release. The Bureau of Prison inmate database reflects that Goins was released from prison on October 15, 2024, but he will remain supervised until December 12, 2027. Goins challenges several conditions of his release; namely, whether the district court abused its discretion (1) by failing to articulate fifteen standard conditions in its oral announcement; or (2) by ordering Goins to receive mental health treatment.

We VACATE IN PART, AFFIRM IN PART, and REMAND for further proceedings consistent with this opinion.

## I.

We review the oral-announcement claim for an abuse of discretion because "the alleged error appear[ed] for the first time in the written judgment." *United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021). We review the mental-health-treatment claim under the same standard because Goins objected to that condition below. *United States v. Caravayo*, 809 F.3d 269, 272 (5th Cir. 2015) (per curiam).

## II.

A sentencing court must orally pronounce any supervised-release conditions that 18 U.S.C. § 3583(d) does not require. The Government concedes that the fifteen standard conditions articulated in the written revocation judgment are discretionary, and that the district court abused its discretion by failing to orally pronounce them or indicate its intent to reimpose the standard conditions from the original order of supervised

No. 24-20187

release.[1] Goins concedes that Standard Condition 10 should only be partially stricken by removing "dangerous weapon[s]" because the surrounding language merely tracks established felon-in-possession law by prohibiting Goins from possessing a "firearm, ammunition, [or] destructive device," and "statutorily required release conditions need not be pronounced in open court." *United States v. Fraga*, 2024 WL 111388, at *1 (5th Cir. Jan. 10, 2024) (per curiam) (citing *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020)).

Accordingly, the fifteen standard conditions must be struck from the revocation judgment, except for the language of Standard Condition 10 surrounding "dangerous weapon."

**III.**

The written recovation judgment includes two special conditions pertaining to mental health treatment:

> You must participate in a mental-health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program, including the

---

[1] Why the Government did not object and ask the district court to state the standard conditions during the sentencing colloquy is a mystery to this court. Such clarifications should be de rigueur during sentencing proceedings where a court has inadvertently forgotten to pronounce them. And defense counsel does no favor for their client by allowing the omission. The probation office will undoubtedly move after this appeal to modify the conditions of release and add the standard conditions that it sought in the district court. And the district court will invariably add them as essential for effective supervision. *See, e.g.*, *United States v. Trevino*, ___ F.4th ___, 2024 WL 5249789 (5th Cir. Dec. 31, 2024) (Oldham, J.) (affirming reinstatement of standard conditions that were not orally announced after a previous panel removed them).

> provider, location, modality, duration, and intensity. You must pay the cost of the program, if financially able.
>
> You must take all mental-health medications that are prescribed by your treating physician. You must pay the costs of the medication, if financially able.

Goins contends that the district court abused its discretion by imposing these conditions because it failed to make specific factual findings as to how the conditions were reasonably related to the statutory sentencing factors and the record did not "clearly substantiate" such a relationship. The Government disagrees.

"District courts have broad discretion to impose special conditions of supervised release." *United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018). But 18 U.S.C. § 3583(d)(1) requires that special conditions be "reasonably related" to any one of the four statutory factors set forth in 18 U.S.C. § 3553(a):

> (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.

*Id.* at 239–40 (citation omitted). And a special condition must impose no "greater deprivation of liberty than is reasonably necessary for the purposes of the last three statutory factors and must be consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* at 240 (quotation and citation omitted). The relevant Sentencing Commission policy statement recommends a mental health treatment condition "[i]f the

court has reason to believe that the defendant is in need of psychological or psychiatric treatment." U.S.S.G. § 5D1.3(d)(5) (2023).

Appellate courts "have consistently required district courts to set forth factual findings to justify special probation conditions." *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). Absent factual findings, this court may nevertheless "affirm a special condition if [it] can infer the district court's reasoning after an examination of the record." *Alvarez*, 880 F.3d at 240.

The district court in this case did not set forth factual findings to justify the mental health treatment conditions. It merely stated that treatment was appropriate "based on what [the court was] seeing in the record." But the record proves that this conclusion was reasonable.

This court has indicated that evidence of previous mental health treatment alone can be enough to justify mental health treatment as a condition of supervised release. *See id.* at 240; *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016). The probation officer assigned to Goins submitted a report in November of 2023 stating that Goins was "currently participating" in "mental health . . . treatment" at that time. Goins advised the probation officer that "he continue[d] to struggle mentally" due to his mother being "in an abusive relationship when he was [11 to 12] years old." And the record reflects that Goins missed an outpatient substance abuse treatment session because "he needed a mental day" and "was going to have a panic attack[.]"

It cannot be said in the light of this evidence that the district court abused its discretion by requiring Goins to seek mental health treatment as a condition of his supervised release. The special conditions pertaining to mental health treatment were appropriately ordered.

No. 24-20187

## IV.

For the foregoing reasons, we VACATE IN PART, AFFIRM IN PART, and REMAND for further proceedings consistent with this opinion.