# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2025

Lyle W. Cayce
Clerk

No. 24-50669

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodrigo Castro Carrazco,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CR-309-1

_____

Before Wiener, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Rodrigo Castro Carrazco pleaded guilty to four drug-trafficking offenses. The district court sentenced him to a 37-month term of imprisonment and three years of supervised release. On appeal, Castro Carrazco initially challenged various mandatory, standard, and special conditions of supervised released, claiming that those conditions were

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

included in the written judgment but were not orally pronounced at sentencing. In his reply brief, however, he concedes that the district court did adequately pronounce most of the conditions but maintains that a portion of the special condition in the written judgment conflicts with the district court's standard conditions and oral pronouncement at sentencing.

Notwithstanding the special condition that he continues to challenge, Castro Carrazco correctly concedes that the district court orally pronounced the other challenged conditions of supervised release at sentencing. *See United States v. Baez-Adriano*, 74 F.4th 292, 298-302 (5th Cir. 2023). We next consider the challenged portion of the special condition.

Since the district court's alleged error appears for the first time in the written judgment, so that Castro Carrazco did not have the opportunity to object in district court, our review is for abuse of discretion. *United States v. Tanner*, 984 F.3d 454, 455–56 (5th Cir. 2021).

A defendant has a Fifth Amendment right to be present when his sentence is pronounced. *See United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020). "[W]here the oral pronouncement and written judgment conflict, the oral pronouncement controls." *Tanner*, 984 F.3d at 456. "The key determination is whether the discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). There is a conflict when "the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement[.]" *Id.* "If there is merely an ambiguity between oral and written sentences, then this court must look to the intent of the sentencing court, as evidenced in the record, to determine the defendant's sentence." *Baez-Adriano*, 74 F.4th at 303 (cleaned up).

No. 24-50669

During sentencing, the district court orally pronounced the following special conditions of supervised release:

> Once released, you will be placed on three years of supervision on a non-reporting basis. You can commit no further crimes against the United States, any state or local government. You cannot be in this country without permission of the Secretary of the Department of Homeland Security. . . . If you are allowed to remain, you must report within 72 hours to the nearest U.S. Probation office, and you must comply with all the mandatory and standard terms and conditions of supervision.

In the written judgment, the district court defined the special condition as:

> As a condition of supervised release, immediately upon release from confinement, you shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, you shall remain outside of the United States. In the event, you are not deported, or for any reason re-enter the country after having been deported, you shall comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the United States.

Castro Carrazco contends that the condition in the written judgment is more burdensome than that stated in the oral pronouncement because it does not allow him to return with the appropriate permission. He further

3

asserts that the written special condition is broader than the written standard condition,[1] which prohibits him from "illegally reenter[ing] the United States." He claims that the district court's oral pronouncement and written standard condition allow him to return to the United States lawfully or with permission, while the written special condition does not.

We have previously dealt with this same conflict. In *United States v. Romana-Calderon*, the defendant contended that the district court's written judgment requiring him to remain outside the United States was more burdensome than the court's oral pronouncement and standard condition that only prohibited illegal re-entry into the country. No. 21-50806, 2022 WL 17250188, at *2 (5th Cir. Nov. 28, 2022) (per curiam). There, we held that the written judgment precluded the defendant from pursuing legal forms of reentry. *Id.* In the interest of justice, we then remanded the matter so that the district court could modify the written special condition to conform to the standard condition. *Id.* We presently conclude that it is appropriate to follow suit, and we remand the matter so that the special condition in the written judgment can be modified to conform to the district court's standard condition and oral pronouncement.

───────────────────────────

[1] This standard condition is found on the page that immediately precedes the special condition in the written judgment. In its entirety, it reads:

> If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report (within 72 hours of release) in person to the nearest U.S. Probation Office.

No. 24-50669

We therefore REMAND to the district court with the directive to modify the special condition that "if ordered deported from the United States, you shall remain outside the United States" to read "if ordered deported, you may not illegally re-enter the United States."

AFFIRMED with REMAND for modification as directed above.