# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2026

Lyle W. Cayce
Clerk

———————

No. 25-50194

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAYDEN DOUGLAS RICHARD VACCHINO,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CR-565-1

———————————————————————

Before HIGGINBOTHAM, SMITH, and OLDHAM, *Circuit Judges*.

PATRICK E. HIGGINBOTHAM, *Circuit Judge*:

Jayden Douglas Richard Vacchino appeals his criminal sentence, citing discrepancies between the sentencing hearing and the written judgment. We VACATE the judgment in part, AFFIRM it in part, and REMAND for further proceedings.

## I.

One night in October 2023, a sixteen-year-old girl went missing in Floresville, Texas. Police discovered she exchanged messages with Vacchino, whom she met online, shortly before she disappeared. Those

messages detailed Vacchino's plan to bring the victim from Texas to Louisiana for sex. Further investigation proved Vacchino followed through. His phone had connected to a tower by the victim's house the night she went missing. Security camera footage showed his car in the area. And two days later, Vacchino's phone pinged again in Shreveport, where he was found with the victim and arrested.

Vacchino pleaded guilty to one count of transporting a minor interstate with intent to engage in criminal sexual conduct.[1] At sentencing, the district court confirmed Vacchino and his counsel understood the presentence report, though it did not explicitly adopt that report at any point in the hearing. The court then orally sentenced Vacchino to 260 months' incarceration, 15 years of supervised release, a $100 special assessment, and a fine of $25,000. At defense counsel's request, the court specifically recommended "sex counseling treatment" while Vacchino was incarcerated. The court stated it would impose "[t]he standard conditions" of supervised release "plus the sex offender conditions."

The written judgment, however, went further. It included "the mandatory, standard, and if applicable, the special conditions" of supervised release, plus several enumerated special conditions copied from the presentence report. The written judgment did not include the recommendation for sex counseling treatment.

Vacchino challenges these discrepancies on appeal. He contends some supervised release conditions in the written judgment were not properly pronounced at his sentencing hearing. He also argues the omission of the

_____

[1] *See* 18 U.S.C. § 2423(a).

counseling recommendation was a clerical error warranting correction. We address each argument below.

## II.

First, we turn to Vacchino's arguments about the supervised release conditions. We vacate mandatory condition 10 but affirm all other challenged conditions.

## A.

"The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing."[2] That includes conditions of supervised release.

The point of oral pronouncement is to give notice of the sentence and a fair chance to object. Our court, therefore, takes a practical approach to deciding when a condition must be pronounced. The court need not orally pronounce conditions required by statute, as "there is little a defendant can do to defend against [them]."[3] If the condition is *not* required by statute, *i.e.*, discretionary, then the court must pronounce it at sentencing. The court may do so via "[o]ral in-court adoption of a written list of proposed conditions" like those in a presentence report or a standing order.[4]

"This Court has long faithfully adhered to the rule that any variance between oral and written versions of the same sentence will be resolved in favor of the oral sentence."[5] However, that is necessary only if the oral

---

[2] *United States v. Diggles*, 957 F.3d 551, 556 (5th Cir. 2020) (en banc) (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001))

[3] *Id.* at 558-59; *see also* 18 U.S.C. § 3583(d) (listing statutorily required conditions).

[4] *Id.* at 560-61.

[5] *United States v. Kindrick*, 576 F.2d 675, 676-77 (5th Cir. 1978) (collecting cases).

No. 25-50194

pronouncement and the written judgment actually conflict.[6] "If the written judgment simply clarifies an ambiguity in the oral pronouncement, we look to the sentencing court's intent to determine the sentence."[7] We glean this intent from the entire record.

This leaves us with a two-step inquiry for each condition Vacchino challenges in the written judgment. First, we determine whether the court must have pronounced the condition at sentencing. If not, then the court committed no error by including that condition in the written judgment, regardless of whether it was pronounced or not. Second, if pronouncement was required, then we must decide whether the court's sentencing remarks met that standard. "Any discretionary condition in a written judgment that *conflicts* with the sentence as orally pronounced must be excised on remand."[8] But if a condition in the judgment merely clarifies an ambiguity from sentencing, then we uphold the condition in the judgment.[9]

## B.

Vacchino did not object to the conditions he now challenges. Our standard of review depends on whether he had the opportunity to do so. "Ordinarily, if a defendant raises a sentencing error for the first time on appeal, we review only for plain error."[10] But if the defendant "had no opportunity at sentencing to consider, comment on, or object to the special

---

[6] *United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021).

[7] *United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013) (citing *United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002)).

[8] *United States v. Currier*, 160 F.4th 656, 658 (5th Cir. 2025) (emphasis in original).

[9] *Tang*, 718 F.3d at 487.

[10] *Tanner*, 984 F.3d at 455 (citing *Diggles*, 957 F.3d at 559).

conditions later included in the written judgment," we review for abuse of discretion.[11]

Vacchino had the chance to object to some conditions but not others. So we review some of his challenges for plain error and others for abuse of discretion, as explained below.

## III.

We start with the judgment's "mandatory conditions." Mandatory conditions 1 through 7 were statutorily required. That means the district court committed no error by not pronouncing them. But mandatory conditions 8, 9, and 10 were not statutory. The court did not specifically identify them as conditions of supervised release during sentencing, and although these conditions appeared in a court standing order, the court did not reference or orally adopt that order. So we must determine whether mandatory conditions 8, 9, and 10 in the judgment are consistent with the court's expressed intent.

## A.

Mandatory condition 8 in the written judgment imposes a $100 special assessment. On appeal, the government agrees with Vacchino and argues this condition "must be struck" because it was not orally pronounced. We disagree and uphold the condition.

We review Vacchino's challenge to this condition for plain error. The presentence report noted that "[a] special assessment of $100 is mandatory." At sentencing, right before describing Vacchino's "15 years of supervised release," the court stated "You will pay a $100 assessment for the Victim of Crime Fund." And again later on, the court mentioned "the

---

[11] *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

No. 25-50194

$100 assessment for the Victim of Crime Fund, which the Court imposes." These explicit statements gave Vacchino ample opportunity "to consider, comment on, or object to" the special assessment.[12] He did not do so.

Including mandatory condition 8 in the judgment was not plain error. True, the court did not explicitly frame the special assessment as a supervised release condition during sentencing (as it did in the written judgment). But the question is whether mandatory condition 8 *conflicts* with what the court pronounced at sentencing. It does not. Quite the opposite: the court stated at sentencing that it would impose a $100 special assessment. Mandatory condition 8 did exactly that and nothing more. The court's intent was clear and does not conflict with mandatory condition 8 as written. We therefore uphold the condition.

**B.**

Mandatory condition 9 in the written judgment stated: "If the judgment imposes a fine, it is a condition of supervision that the defendant, pay in accordance with the Schedule of Payments sheet of the judgment." The government again agrees with Vacchino and argues this condition should be struck. As before, we are not persuaded, and we uphold the condition.

We again review for plain error. The court warned at sentencing that it was "going to impose a modest fine," then stated that "[t]he court imposes a fine of $25,000, which is symbolic." At that point, Vacchino could have sought clarification about how the fine would be paid. But once more, he did not do so.

There is no conflict between sentencing and judgment here. "The oral pronouncement was ambiguous" because it imposed a fine but did not

---

[12] *Id.*

6

No. 25-50194

explain how to pay.[13] "[T]he written judgment 'clarified that ambiguity'" by establishing a payment schedule.[14] The district court's stated intent was for Vacchino to pay a fine, and condition 9 simply established how that would occur. We find no plain error, so we uphold mandatory condition 9.

## C.

Mandatory condition 10 in the written judgment stated: "The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments." Again, both Vacchino and the government argue for striking the condition. We agree and order the district court to strike mandatory condition 10 from the written judgment on remand.

Mandatory condition 10 obliged Vacchino to keep the court updated on his finances. That requirement is not implicit in the imposition of a monetary penalty, unlike the payment system in mandatory condition 9. The court did not mention any notification requirement at sentencing, which gave Vacchino no chance to object. We therefore review for abuse of discretion.[15]

"Although this condition is somewhat consistent with the district court's oral pronouncement of monetary penalties, its additional obligation to notify the court of changes in . . . economic circumstances is more burdensome, and thus conflicts with the district court's oral pronouncement of the sentence."[16] That means mandatory condition 10 violates the

---

[13] *Tanner*, 984 F.3d at 457.

[14] *Id.* (quoting *United States v. Milton*, 805 F. App'x 280, 281 (5th Cir. 2020) (unpublished)).

[15] *Warden*, 291 F.3d 363, at 365 n.1.

[16] *United States v. Jackson*, No. 20-50922, 2022 WL 738668, at *3 (5th Cir. Mar. 11, 2022) (unpublished).

No. 25-50194

pronouncement requirement. As violating that requirement is legal error, it was an abuse of discretion to include this condition in the written judgment.[17]

## IV.

Next, we consider the "special conditions" copied from the presentence report into the written judgment. These conditions are listed below in abbreviated form:

0. The defendant shall participate in a sex offense-specific treatment program [ . . . ]

1. The defendant shall not view or possess any [sexually explicit] "visual depiction" [ . . . ]

2. The defendant shall submit to periodic polygraph testing [ . . . ]

3. The defendant shall allow the probation officer to install computer monitoring software [ . . . ]

4. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of [his] computers [ . . . ]

5. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer [ . . . ]

6. The defendant shall not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, without the permission of the probation officer [ . . . ]

---

[17] *Id.* at *2 (citing *In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015)).

No. 25-50194

> 7. The defendant shall not go to, or remain at, any place where the defendant knows children under the age of 18 are likely to be [ . . . ]

These conditions are discretionary, so the district court was required to pronounce them.[18] Whether the court sufficiently did so is a close question. The court did not explicitly mention any of the special conditions. It did not verbally adopt the presentence report where the conditions originated. And the court did not functionally explain the special conditions, as it did with some of the mandatory conditions discussed earlier. Only this exchange at the very end of the sentencing hearing implicated any of the special conditions:

> PROBATION OFFICER: Your Honor, will the Court impose the recommended special conditions for sex offenders?

> THE COURT: Yes. The standard conditions, plus the sex offender conditions are imposed.

Vacchino contends that referencing only "the sex offender conditions" does not meet the pronouncement requirement. Only special condition 0 specifically referenced sex offenses, while all the others could apply more broadly, arguably excluding them from the category of "sex offender conditions." For its part, the government argues Vacchino "could reasonably infer that the special conditions listed in the [presentence report] were recommended by the Probation Office because [he] was considered a 'sex offender.'"

We again pause to consider the right standard of review. We have held that "when the district court had not made any mention of the condition at

---

[18] *See Diggles*, 957 F.3d at 558-59.

sentencing, nor was there any indication that the [presentence report] proposed the challenged condition," "the court reviews these challenges for an abuse of discretion."[19] By contrast here, the challenged conditions came directly from the presentence report. That gave Vacchino sufficient notice those conditions might come up at sentencing. And counsel had the opportunity to object to the presentence report; indeed, at sentencing, he challenged some of the other recommendations in the report. If Vacchino also wanted to object to the proposed special conditions, he could have done so. He did not. The standard of review is therefore plain error.[20]

We agree that the in-court discussion about special conditions was unclear. So we must decide whether that murkiness creates a *conflict* with the written judgment, or whether the judgment "simply clarifies an *ambiguity* in the oral pronouncement" such that we can "look to the sentencing court's intent to determine the sentence."[21]

We find ambiguity but not conflict. Consider the conditions themselves. Special conditions 1, 3, 4, and 5 in the written judgment work together to prevent Vacchino from consuming sexually explicit material. And special conditions 0, 2, 6, and 7 combine to monitor and prevent Vacchino from committing other offenses against children. Most of the conditions are not sex-offender-specific. But it is reasonable to understand them as "sex offender conditions" in this case because they weave together to detect and

---

[19] *United States v. Castillo*, No. 19-10649, 2021 WL 4237553, at *3 (5th Cir. Sept. 16, 2021) (unpublished) (cleaned up); see also *Diggles*, 957 F.3d at 559 ("In our earlier cases that refused to find forfeiture of a pronouncement challenge, the district court had not made any mention of the condition at sentencing, nor was there any indication that the [presentence report] proposed the challenged condition . . . .").

[20] *See Bigelow*, 462 F.3d at 381.

[21] *Tang*, 718 F.3d at 487 (emphasis added).

No. 25-50194

prevent future sexual misconduct. There is no conflict between the written judgment and the court's stated intent to impose "sex offender conditions;" here, these conditions meet that description.

The deviation between sentencing hearing and written judgment, therefore, is better understood as an ambiguity. So we "look to the sentencing court's intent to determine the sentence."[22] This record convinces us the district court intended to impose the special conditions from the presentence report. And as the written judgment is consistent with that goal, we uphold the challenged special conditions.

The dialogue about "the sex offender conditions" at sentencing illuminates the court's intent. The probation officer asked the court about "the recommended special conditions for sex offenders." The definite article, "the," shows the probation officer had some specific set of "recommended special conditions" in mind.[23] And the court quickly confirmed it meant to impose whatever specific "sex offender conditions" the probation officer just mentioned.

The only "recommended special conditions" that the court and the probation officer could have meant were in the presentence report. As there was no labeled subset of "sex offender conditions" in that document, the court's reference to "the sex offender conditions" had to mean something else. Observing the court's simultaneous draw on "the recommended special conditions," we believe that the court meant to impose "the recommended special conditions" in general, which all involved detecting and preventing

---

[22] *Id.*

[23] *See Nielsen v. Preap*, 586 U.S. 392, 408 (2019) ("Here grammar and usage establish that 'the' is a function word indicating that a following noun or noun equivalent is definite or has been previously specified by context." (cleaned up)).

future sex offenses. We agree with the government's commonsense argument that "the sex offender conditions" was simply a shorthand reference to the recommended special conditions in general.

The court's sentencing remarks were ambiguous. But reviewing for the court's intent, we think the court meant to impose the special conditions from the presentence report. Sure enough, all but one wound up in the written judgment. The special conditions in the judgment match the court's intent and clarify ambiguities from sentencing, so we uphold them.

## V.

Last, we address the sex counseling treatment recommendation. The court orally designated Vacchino "for a federal medical center for all available mental and physical health issues," "and specifically, also, the sex counseling treatment" program. The written judgment omitted that recommendation. Vacchino calls the omission a clerical error, and he asks us to remand so the judgment may be corrected. The government argues we need not address the issue if we remand to modify the judgment on other grounds.

"Rule 36 authorizes us to correct only clerical errors, which exist when 'the court intended one thing but by merely clerical mistake or oversight did another.'"[24] We have previously found clerical error when a written judgment omitted an orally pronounced treatment recommendation.[25] We do the same here. The district court explicitly recommended that Vacchino receive counseling but neglected to include it

---

[24] *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (quoting *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995)).

[25] *See United States v. Williams*, No. 23-20412, 2024 WL 2953132, at *1 (5th Cir. June 12, 2024) (unpublished).

in the written judgment. We see no reason besides oversight. So we order that the written judgment be corrected to include this "sex counseling treatment" recommendation on remand.

## VI.

We VACATE mandatory condition 10 of the judgment, AFFIRM what remains, and REMAND for further proceedings consistent with this opinion, which are to include adding the district court's "sex counseling treatment" recommendation to the written judgment.

No. 25-50194

Andrew S. Oldham, *Circuit Judge*, concurring in the judgment:

As I have said many times, our *Diggles* "precedents are deeply flawed." *United States v. Baez-Adriano*, 74 F.4th 292, 304 (5th Cir. 2023) (Oldham, J., concurring in the judgment); *see also United States v. Perez*, No. 23-20067, 2023 WL 7381447, at *1 n.1 (5th Cir. Nov. 7, 2023) (saying the same thing); *United States v. Griffin*, No. 21-50294, 2022 WL 17175592, at *3 (5th Cir. Nov. 23, 2022) (Oldham, J., dissenting) (saying the same thing in more detail). Perhaps the deepest of those flaws is the *Diggles* remedy: If the district court's oral pronouncement omits something that's later included in the written judgment, we remand with a directed victory for the defendant and instructions to strike the written judgment. *See Griffin*, 2022 WL 17175592, at *5–9. In my view, that remedy makes no sense and cannot be reconciled with federal law or the history and tradition of criminal sentencing. *See ibid.* Our court should reconsider the matter en banc. *Cf. United States v. Lezama-Ramirez*, --- F.4th ---, ---, 2026 WL 1052921, at *2–3 & n.* (5th Cir. Apr. 20, 2026) (Oldham, J., concurring) (objecting to the notion that *Diggles* is somehow the source of "first principles").