# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50542
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER ALAN BRECKENRIDGE, also known as Christopher Breckenridge,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-189-16

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Alan Breckenridge appeals the 130-month sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. He argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50542

abused its discretion by imposing written special conditions of supervised release that are more onerous than those pronounced orally at sentencing.

Breckenridge is correct in his contention that the district court abused its discretion when it broadened special conditions of supervised release. *See United States v. Bigelow*, 462 F.3d 378, 381-383 (5th Cir. 2006). The written judgment includes a search provision that was not orally pronounced at sentencing. The search provision is not one of the mandatory or standard conditions of supervised release required by statute or adopted by the Western District of Texas in its Standing Order. By including the search provision in the judgment, the district court impermissibly modified the special conditions, thereby creating a conflict between the oral pronouncement and the written judgment. *See United States v. Vega*, 332 F.3d 849, 852-53 (5th Cir. 2003). Consequently, we order a limited remand and instruct the district court to modify, in a manner consistent with this opinion, the special conditions in the written judgment in order to have them conform to the special conditions pronounced orally at sentencing.

CONVICTION AFFIRMED; SENTENCE VACATED IN PART; REMANDED WITH INSTRUCTIONS.