# United States Court of Appeals for the Fifth Circuit

————————

No. 24-50051

————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lloyd Baxter,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CR-202-1

———————————————————

Before King, Smith, and Douglas, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Lloyd Baxter appeals his sentence for possessing an unregistered destructive device in violation of 26 U.S.C. §§ 5841, 5845(a)(8) and (f)(1), 5861(d), and 5871. He asserts that part of the written judgment must be vacated because it imposes certain conditions of supervised release ("SR") that the district court did not orally pronounce. We affirm Baxter's sentence in substantial part, but we vacate one of the conditions of SR and remand with instruction to conform the written judgment to the oral pronouncement.

No. 24-50051

## I.

The district court initially sentenced Baxter to five years of probation. Baxter had to comply with several "additional conditions" on top of the mandatory and standard conditions of probation: (1) a prohibition on "us[ing] or possess[ing] any controlled substances" unless they were properly prescribed, taken in accordance with that prescription, and disclosed to the probation officer, (2) a prohibition on knowingly possessing or otherwise using "any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning," (3) participation in an inpatient substance abuse treatment program, and (4) submission to reasonable searches.[1]

About two months after the term of probation commenced, Baxter's probation officer petitioned the district court for an arrest warrant, alleging that Baxter had violated the condition requiring him to participate in an inpatient drug treatment program by being unsuccessfully discharged from that program. The probation officer also prepared an "adjustment summary" before the revocation hearing, recommending that conditions of any SR should include "participation in, and completion of, a substance abuse treatment program and mental health treatment, in addition to the previously ordered special conditions [of probation]."

Baxter pleaded true to the alleged probation violation, and the district court revoked his probation. The court acknowledged its prior leniency, and it opted to treat the revocation hearing like an "original sentencing" and "go back to square one." The court sentenced Baxter to 30 months of impris-

---

[1] Most of those conditions were recommended in a presentence report ("PSR") prepared before sentencing. The PSR, however, did not specify *inpatient* substance abuse treatment.

No. 24-50051

onment followed by three years of SR.

As to the conditions of SR, the district court orally pronounced the following:

> While you're on supervised release, you're not to commit any other federal, state, or local crimes, and you're to comply with the mandatory and standard conditions that have been adopted by this Court.[2] In addition, I'll order that you submit to additional drug treatment program, that you follow the rules and regulations of that program, including testing to determine whether or not you're using.

The written revocation judgment imposed "the standard terms and conditions of supervision adopted by the Court," as well as "participat[ion] in a substance abuse treatment program" and "submi[ssion] to substance abuse testing." The written judgment also stated that "[a]ll previous conditions of supervision remain the same."

Baxter appealed, contending that the "previous conditions of supervision" must be stricken from the judgment because those conditions were not orally pronounced.

## II.

"When 'a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had an opportunity to object before the district court.'" *United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023) (quoting *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022)). For forfeiture purposes, that opportunity exists "when the court notifies the defendant at sentencing that conditions

---

[2] *See* United States District Court for the Western District of Texas, *Conditions of Probation and Supervised Release* (Nov. 28, 2016), https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Conditions-of-Probation-and-Supervised-Release.pdf.

are being imposed." *Id.* at 297 (quoting *Martinez*, 47 F.4th at 367). "If the defendant had the opportunity to object, we review for plain error; if the defendant did not, we review for abuse of discretion." *Id.* "When a defendant appeals a court's failure to pronounce a condition that later appears in the judgment, the standard of review is abuse of discretion." *United States v. Pelayo-Zamarripa*, 81 F.4th 456, 459 (5th Cir. 2023) (citation modified).

### III.

"The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing." *United States v. Diggles*, 957 F.3d 551, 556 (5th Cir. 2020) (en banc). Under *Diggles*, any condition of SR not required by 18 U.S.C. § 3583(d)—*i.e.*, discretionary conditions— must be pronounced to allow for an objection. *Id.* at 558–59. The district court need not always pronounce the conditions word-for-word; our precedent permits the court orally to adopt a written list of proposed conditions. *Id.* at 560–61. Such a written list might, for example, come from a PSR or a district court's standing order that lists conditions. *Id.* The court satisfies the pronouncement requirement when it (1) ensures that the defendant had an opportunity to review the proposed list with counsel and (2) "orally adopt[s] the written recommendations when the defendant is in court." *Id.* at 561 n.5; *id.* at 560–61.

Baxter avers that the written judgment includes unpronounced conditions that conflict with the oral pronouncement. Specifically, the written judgment states that "[a]ll previous conditions of supervision remain the same," and Baxter asserts that some of those conditions were discretionary and unpronounced. The government responds that the court properly adopted by reference the conditions contained in the court's standing order. But that much Baxter acknowledges. His argument is different: The written judgment incorporated discretionary conditions that were *not* part of that

standing order. Baxter identifies the following "previous conditions" that were allegedly unpronounced:[3]

1. He must not "use or possess any controlled substances without a valid prescription," and if one exists, he "must disclose the prescription information to the probation officer and follow the instructions on the prescription."

2. He must not knowingly possess or use "any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning."

3. He must participate in an *inpatient* substance abuse treatment program.

4. He must submit to reasonable searches of, *inter alia*, his person and property.

## IV.

"When there is a discrepancy between the oral pronouncement and the written judgment, we must first determine whether such discrepancy 'is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record.'" *United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022) (quoting *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006)). "A conflict occurs if the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement or imposes more burdensome conditions." *Id.* (citation modified). "In the event of a conflict, the written judgment must be amended to conform with the oral pronounce-

_____

[3] Although the challenged conditions appear in the original judgment, the "adjustment summary," and (most of them) in the PSR, the district court did not orally adopt those documents. "And the mere existence of such [] document[s] is not enough for pronouncement." *Diggles*, 957 F.3d at 561 n.5.

ment, which controls." *Id.* We address each of the four challenged conditions in turn.

## A.

The first challenged condition relates to possession and use of controlled substances. We conclude that Baxter's condition is encompassed by the mandatory conditions of § 3583(d) and the standing order that the court adopted at Baxter's oral pronouncement.[4]

In *United States v. Guerra*, we considered a condition of SR (1) prohibiting possession of controlled substances (2) without a prescription and (3) requiring the defendant to follow the instructions of any valid prescription. No. 22-40016, 2023 WL 4417287 (5th Cir. July 10, 2023) (per curiam) (unpublished). We held that such a condition need not be pronounced because it is no broader than the mandatory condition. *Id.* at *3. That is because such a condition "merely reinforces that mandatory condition by preventing the unlawful abuse of a lawfully prescribed controlled substance: *If* [the defendant] is given a valid prescription, *then* he must follow the physician's instructions and thus remain within the realm of lawful possession of a controlled substance." *Id.*

Although *Guerra* is unpublished and therefore not binding, we adopt its persuasive reasoning and hold that Baxter's condition is no broader than the mandatory condition.[5] We note that Baxter's condition contains a slight

---

[4] The SR statute mandates the condition that the defendant "not unlawfully possess a controlled substance." 18 U.S.C. § 3583(d). Further, the court's orally adopted standing order contains "mandatory conditions" that Baxter "shall not unlawfully possess a controlled substance" and "shall refrain from any unlawful use of a controlled substance."

[5] *See also United States v. Flores-Brewster*, No. 20-40817, 2022 WL 4077165, at *4 (5th Cir. Sept. 6, 2022) (per curiam) (unpublished) (finding that a prohibition on possessing controlled substances without a prescription is covered by the mandatory conditions in

difference from the one in *Guerra*:  If Baxter obtains a valid prescription for a controlled substance, he must also "disclose the prescription information to the probation officer."  But, just as in *Guerra*, that requirement "merely reinforces" the mandatory condition; it administers the condition but does not broaden it.  *Guerra*, 2023 WL 4417287, at *3.

## B.

The second condition Baxter challenges—a prohibition on use and possession of psychoactive substances—does not conflict with the oral pronouncement because it is consistent with the requirement that Baxter participate in a substance abuse treatment program.  Although our on-point cases are unpublished, we have generally found no conflict where the court orally pronounces substance abuse treatment and the written judgment prohibits psychoactive substances, especially where the defendant has a history of substance abuse.[6]

In *United States v. Lozano*, for example, we held that a defendant's history of drug abuse and the orally pronounced condition that he participate in substance abuse treatment meant that there was no conflict when the written judgment prohibited psychoactive substances.[7]  We likewise affirmed a psychoactive-substances prohibition in *United States v. Roblez*:  "In light of Roblez's history of substance abuse and the district court's oral pronounce-

---

18 U.S.C. § 3583(d)); *United States v. Hernandez*, No. 21-40161, 2022 WL 1224480, at *3 (5th Cir. Apr. 26, 2022) (per curiam) (unpublished) (same); *United States v. Tatum*, No. 22-40476, 2023 WL 1873091, at *1 (5th Cir. Feb. 9, 2023) (per curiam) (unpublished) (same).

[6] The PSR, ¶¶ 63–65, indicates that Baxter has a history of substance abuse.

[7] 834 F. App'x 69, 75 (5th Cir. 2020) (per curiam); *see also United States v. Rodriguez*, 838 F. App'x 119, 120 (5th Cir. 2021) (per curiam) (quoting *Lozano*, 834 F. App'x at 75).

ment of a supervised release condition that required Roblez to participate in substance . . . abuse treatment, the disputed condition[] did not conflict with the oral pronouncement of sentence." No. 21-40586, 2022 WL 16570786 (5th Cir. Nov. 1, 2022) (per curiam) (unpublished). And in *United States v. Tatum*, we held that a psychoactive-substances prohibition is "consistent" with an orally pronounced condition requiring the defendant to participate in drug treatment.[8] In line with that persuasive authority, we conclude that Baxter's psychoactive-substances condition does not conflict with the orally pronounced condition that he participate in a substance abuse treatment program.

## C.

The third condition—participation in an inpatient substance abuse program—merely reflects an ambiguity in the oral pronouncement, which required Baxter to submit to an "additional drug treatment program" as a condition of SR. The court did not expound whether the program would be in- or outpatient.[9] But context is key. The record demonstrates that Baxter's

---

[8] 2023 WL 1873091, at *1–2 ("Where, as here, a district court orally pronounces a release condition requiring a defendant to take part in drug treatment, other unpronounced conditions that are consistent with that condition do not create a conflict between the oral and written judgments."). *See also United States v. Zavala*, 835 F. App'x 767, 768 (5th Cir. 2021) (per curiam) (written judgment's prohibition on psychoactive substances created no conflict where defendant had a history of substance abuse and the oral pronouncement required drug treatment); *Flores-Brewster*, 2022 WL 4077165, at *4 (same). *But see Hernandez*, 2022 WL 1224480, at *4 (written judgment's prohibition on psychoactive substances created conflict even though oral pronouncement imposed a drug treatment program and the defendant had a history of substance abuse).

[9] This case thus differs from *United States v. Martin*, *United States v. Garcia*, and *United States v. Zavala*, where the written judgment's inclusion of *inpatient* substance abuse treatment conflicted with an oral pronouncement specifying *only outpatient* treatment. *United States v. Martin*, 119 F.4th 410, 415–16 (5th Cir. 2024); *United States v. Garcia*, 855 F. App'x 980 (5th Cir. 2021) (per curiam); *Zavala*, 835 F. App'x at 768.

probation was revoked for failure to complete his *inpatient* drug treatment program. In context, it would be entirely consistent with the oral pronouncement for the written judgment to reimpose inpatient treatment as a condition of supervised release. There is no conflict.

## D.

Finally, the submission-to-search condition must be stricken from the written judgment because it is discretionary and conflicts with the oral pronouncement.[10] The written judgment's requirement that the defendant submit to searches "broadens the . . . requirements of supervised release from [the] oral pronouncement [and] imposes more burdensome conditions."[11] We therefore vacate Baxter's sentence as to the search condition and remand for the district court to conform the written judgment to the oral pronouncement.

Baxter's sentence is AFFIRMED except as to the submission-to-search condition of SR. We VACATE that part of his sentence and REMAND for the district court to amend its written judgment to conform to the oral pronouncement.

---

[10] *See United States v. Breckenridge*, 668 F. App'x 93, 94 (5th Cir. 2016) (per curiam) (vacating a search condition where "[t]he written judgment include[d] a search provision that was not orally pronounced at sentencing").

[11] *Prado*, 53 F.4th at 318 (quotation omitted); *cf. Martin*, 119 F.4th at 416 (finding conflict where the written judgment contained a more onerous search condition than did the oral pronouncement).